**COMMONWEALTH of Kentucky, Appellant,**

v.

**Bobby A. JONES, Appellee.**

**No. 2006–SC–000650–DG.**

Supreme Court of Kentucky.

Feb. 19, 2009.

Rehearing Denied June 25, 2009.

Jack Conway, Attorney General, Jeffrey Allan Cross, Criminal Appellate Division, Office of the Attorney General, Frankfort, KY, Counsel for Appellant.

Jamesa J. Drake, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice ABRAMSON.

By Judgment entered April 26, 2004, the Montgomery Circuit Court convicted Bobby Jones of Possession of a Firearm by a convicted Felon and sentenced him in accord with the jury's recommendation to three years and six months in prison. Holding that the Commonwealth had failed to prove an element of the offense—the operability of the firearm—the Court of Appeals reversed. We granted the Commonwealth's motion for discretionary review to consider whether the Court of Appeals correctly applied the palpable error standard of review.

## RELEVANT FACTS

A person is guilty of possession of a firearm by a convicted felon

> when he possesses ... a firearm when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted, in any state or federal court and has not: .
>
> (a) Been granted a full pardon by the Governor or by the President of the United States;
>
> (b) Been granted relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968, as amended.

KRS 527.040(1). "Firearm," for the purposes of this statute, "means any weapon which will expel a projectile by the action of an explosive." KRS 527.010(4). At trial, the Commonwealth established that in 1995 Jones was convicted of first-degree criminal mischief, a class-D felony (KRS 512.020), and that in April 2003 he pawned a Ruger .22 caliber rifle at a Mt. Sterling pawn shop. Jones testified in his defense and admitted pawning the rifle for $80.00, but claimed that he was under the impression that his 1995 conviction had been for a misdemeanor and thus did not bar his possession of the gun. There was no testimony concerning whether the rifle could be fired, and the jury instructions, which closely followed the pattern instruction in Cooper and Cetrulo, *Kentucky Instructions to Juries,* § 8.605th ed. (2006), neither defined the term "firearm" nor required a finding that the rifle was operational. The Court of Appeals ruled that even if Jones had not properly preserved the sufficiency-of-the-evidence issue at trial, the lack of proof that the rifle was a working "firearm" for statutory purposes rendered his conviction manifestly unjust and subject to review under RCr 10.26 for palpable error. The Com-

monwealth challenges that result on several grounds.

## ANALYSIS

We may begin our analysis by reiterating the well established rule that, where a sufficiency-of-the-evidence challenge has been preserved in the trial court, the question on appeal is whether, after viewing the evidence in the light most favorable to the Commonwealth, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Commonwealth v. Benham*, 816 S.W.2d 186 (Ky.1991). *Cf. Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Fourteenth Amendment guarantees that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."). One may forfeit even one's most basic rights, however, by failing to assert them in a timely manner, *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citing *Yakus v. United States*, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944)), and accordingly we have several times observed that where a sufficiency-of-the-evidence challenge was not properly preserved at trial, the issue is subject to review on appeal not under the *Benham* standard, but under the palpable error standard of RCr 10.26. *Potts v. Commonwealth*, 172 S.W.3d 345 (Ky.2005) (collecting cases). Under that rule, an unpreserved error may be noticed on appeal only if the error is "palpable" and "affects the substantial rights of a party," and even then relief is appropriate only "upon a determination that manifest injustice has resulted from the error." An error is "palpable," we have explained, only if it is clear or plain under current law, *Brewer v. Commonwealth*, 206 S.W.3d 343 (Ky.2006), and in general a palpable

error "affects the substantial rights of a party" only if "it is more likely than ordinary error to have affected the judgment." *Ernst v. Commonwealth*, 160 S.W.3d 744, 762 (Ky.2005). *But see United States v. Olano*, 507 U.S. at 735, 113 S.Ct. 1770 (discussing the federal "plain error" standard and noting, without deciding, that there may be forfeited errors so fundamental that they "can be corrected regardless of their effect on the outcome."). An unpreserved error that is both palpable and prejudicial still does not justify relief unless the reviewing court further determines that it has resulted in a manifest injustice, unless, in other words, the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be "shocking or jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky.2006).

The Commonwealth contends that the Court of Appeals misapplied this palpable error standard to what was not an error to begin with, or, if an error, not one that resulted in manifest injustice. The Commonwealth also asserts that Jones's trial counsel waived (as opposed to forfeited) the sufficiency-of-the-evidence issue, thus precluding its consideration on appeal, and that Jones's appellate counsel waived palpable error review in the Court of Appeals by not requesting it until his reply brief. These contentions have little merit and need not long detain us. Jones, for his part, contends that trial counsel adequately preserved the sufficiency-of-the-evidence issue. He thus suggests that review under the *Benham* standard would have been appropriate. This contention, too, is meritless. We shall briefly address these preservation issues before considering the real thrust of the Commonwealth's appeal, which is the Court of Appeals' application of the palpable error standard.

## I. The Court of Appeals Did Not Err By Addressing The Question Of Palpable Error.

### A. Jones Did Not Waive Palpable Error Review.

■ It appears that Jones's case was the assistant Commonwealth attorney's first trial. At the conclusion of the Commonwealth's proof, Jones's counsel moved summarily for a directed verdict and as grounds jocularly asserted that the Commonwealth's new attorney had "totally and abysmally failed to prove his case." The trial court denied this motion, which counsel renewed, again summarily, after Jones had testified. The Commonwealth then offered rebuttal testimony, after which Jones failed even summarily to renew his motion for directed verdict. The Commonwealth asserts that the jocular manner in which Jones's counsel lodged his initial motion indicates that the motion was not sincere, but was rather an implicit waiver of any challenge to the sufficiency of the Commonwealth's proof. We disagree. Counsel does not waive his client's rights merely because he asserts them cordially. Even were it thought that counsel's manner created some doubt about his intentions with respect to the initial motion, moreover, his renewal of the motion at the conclusion of the defense case clearly indicates that he intended to preserve the sufficiency issue for appeal.

### B. The Court Of Appeals Correctly Assumed That The Sufficiency–Of–The–Evidence Issue Was Not Properly Preserved.

■ Whether his efforts sufficed for that purpose is another matter. The Court of Appeals assumed without deciding that they did not suffice and passed directly to its consideration of palpable error. Jones suggests that the Court of Appeals' deferral of the preservation issue leaves the door open for us to affirm that Court's ruling under the *Benham* standard. We disagree, for the Court of Appeals' assumption was clearly correct.

■ As we have many times held, to preserve an error based upon the insufficiency of the evidence the defendant must move for a directed verdict[1] at the close of the Commonwealth's proof and must renew his motion at the close of all evidence: at the end of the defense case (if there is one), or, if there is rebuttal evidence, as there was in this case, at the conclusion of rebuttal. *Schoenbachler v. Commonwealth*, 95 S.W.3d 830 (Ky.2003). We have also held that the motion must state specific grounds for relief and should identify which elements of the alleged offense the Commonwealth has failed to prove. Merely moving summarily for a directed verdict or making a general assertion of insufficient evidence is not enough. *Gibbs v. Commonwealth*, 208 S.W.3d 848 (Ky.2006); *Potts v. Commonwealth, supra.* Here, counsel's summary motions did not satisfy this specificity requirement, and he failed

---

1. A directed verdict motion is appropriate only "when the defendant is entitled to a complete acquittal[,] i.e., when, looking at the evidence as a whole, it would be clearly unreasonable for a jury to find the defendant guilty, under any possible theory, of any of the crimes charged in the indictment or of any lesser included offenses." *Campbell v. Commonwealth*, 564 S.W.2d 528 (Ky.1978). *Accord, Nichols v. Commonwealth*, 142 S.W.3d 683 (Ky.2004). In cases where there may be insufficient evidence to satisfy the burden of proof on a primary offense or on one offense among others, but there is sufficient evidence to satisfy the burden of proof on a lesser included offense or on some of the charges, the way to preserve the issue regarding the insufficiency of the evidence is to make a timely objection to the jury instruction on the unproved offense. *Campbell v. Commonwealth, supra; Kimbrough v. Commonwealth*, 550 S.W.2d 525 (Ky.1977).

to renew his motion after rebuttal, at the close of all evidence. The Court of Appeals, therefore, correctly assumed that Jones failed to preserve the sufficiency-of-the-evidence issue and properly directed its attention to the question of palpable error.

## C.  Jones's Request For Palpable Error Review Was Timely.

■ In his appellant's brief to the Court of Appeals, Jones asserted that he had preserved the sufficiency-of-the-evidence issue and therefore sought review of that issue under the *Benham* standard. The Commonwealth responded by challenging preservation, and in his reply brief Jones requested palpable error review if the error was deemed unpreserved. The Commonwealth contends that Jones's "belated" request for palpable error review amounts to an unfair change of tactics and to an improper use of his reply brief to supplement his appellant's brief. We disagree.

■ As the Commonwealth acknowledges, CR 76.12(1) and 76.12(4)(e) permit the appellant to file a reply brief "confined to points raised in the briefs to which they are addressed." Generally, an appellant is not obliged to anticipate that the Commonwealth will challenge preservation, and once it does he is free under the rule to reply to the Commonwealth's point by arguing that, even if unpreserved, the error is one that may be noticed as palpable. The Commonwealth, of course, may argue in its appellee's brief not only that the alleged error is unpreserved but also that it does not warrant palpable error relief. It is neither unfair to the Commonwealth nor unduly burdensome to expect it to use that opportunity to address as fully as it deems necessary an issue it has raised.

## II.  The Court Of Appeals Erred By Granting Palpable–Error Relief Where Jones's Conviction Was Not Tainted By Such An Error.

■ Turning to the merits of the Commonwealth's appeal, the Commonwealth first contends that the trial court did not err at all, palpably or otherwise, by submitting the case to the jury, because Jones's testimony that he received $80.00 in exchange for his pawn of the rifle permitted a reasonable inference that the rifle was in working order. We disagree. There was no evidence about the value of rifles, a matter not within the knowledge of most jurors, and thus the mere pawn price did not imply beyond a reasonable doubt anything about the rifle's condition. A non-functioning rifle, after all, could have a substantial value for parts, or it could have value for some feature aside from its operability. We agree with the Court of Appeals, therefore, that the pawn price, standing alone, did not establish that the rifle was capable of firing.

■ Nevertheless, for a reason not addressed by the parties but dispositive of this appeal, we disagree with the Court of Appeals that an error occurred. The Court of Appeals held that KRS 527.010(4) required the Commonwealth to prove the rifle's operability, but in *Campbell v. Commonwealth*, 260 S.W.3d 792 (Ky.2008), we recently held that the KRS 527.010(4) definition of "firearm" incorporates the pre-penal code presumption that guns work. *See Mosely v. Commonwealth*, 374 S.W.2d 492 (Ky.1964) (holding that inoperability of gun was an affirmative defense); *Arnold v. Commonwealth*, 109 S.W.3d 161, 163 (Ky. App.2003) (in carrying concealed deadly weapons case, inoperability of the weapon is an affirmative defense for which defense has burden of proof). In short, the Commonwealth does not have the burden of proving firearm operability but rather the

defense may raise inoperability as an affirmative defense. 260 S.W.3d at 803–04. Proof of operability, therefore, or jury instructions requiring a finding that a firearm actually works are not necessary unless there is non-speculative evidence at trial which calls the presumption into reasonable doubt. Here, the rifle Jones pawned was presumptively functional, and because there was no evidence calling that presumption into question (indeed Jones's testimony acknowledging his pawning of the rifle tended to enforce the presumption), the Commonwealth was not otherwise obliged to establish that the rifle worked. The trial court did not err, therefore, palpably or otherwise, by denying Jones's motions for a directed verdict or by excluding the operability question from the jury instructions.

### CONCLUSION

In sum, because Jones's conviction was not tainted by a palpable error, we reverse the August 4, 2006 Opinion of the Court of Appeals, and hereby reinstate the April 26, 2004 Judgment of the Montgomery Circuit Court.

MINTON, C.J.; CUNNINGHAM and SCOTT, JJ., concur. VENTERS, J., concurs by separate opinion in which NOBLE and SCHRODER, JJ., join.

Opinion by Justice VENTERS.

I concur with Justice Abramson's opinion, and add that, in my view, the operability of the firearm is not an element of the offense of possession of a firearm by a convicted felon. The definition of "firearm" in KRS 527.010(4) serves to identify the class of weapons included in that offense as those which expel a projectile by the action of an explosive, i.e. gunpowder, as opposed to weapons such as air rifles, cross-bows, slingshots, or spear guns that expel a projectile by some other means.

NOBLE and SCHRODER, JJ., joins.