# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 14, 2019
NOT TO BE PUBLISHED

Supreme Court of Kentucky

FINAL

2018-SC-000142-MR

DATE 3|7|19 Kim Redmon, DC

JEFF OWENS                                                               APPELLANT


V.
ON APPEAL FROM BELL CIRCUIT COURT
HONORABLE ROBERT COSTANZO, JUDGE
NO. 16-CR-00266


COMMONWEALTH OF KENTUCKY                                    APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING IN PART, VACATING IN PART**


In December 2017, a jury convicted Jeff Owens of third-degree burglary, second-degree disorderly conduct, and of being a first-degree persistent felony offender ("PFO1"). He was sentenced to twenty-years' imprisonment for the burglary and PFO1 enhancement, fined $250 for the misdemeanor disorderly conduct, and charged court costs. Owens appeals as a matter of right[1] and raises three arguments: (1) the trial court erred by denying his motions for a directed verdict, (2) the trial court erred by ordering him to pay court costs, and (3) the trial court erred when it ordered him to pay a $250 fine for the disorderly conduct conviction. We affirm the trial court's denial of Owens's

---

[1] Ky. Const. § 110(2)(b).

directed verdict motions and the imposition of court costs. However, the trial court's imposition of a fine for disorderly conduct under these conditions directly contravenes the plain language of KRS[2] 534.040(4) and existing precedent. Therefore, we vacate the portion of the sentence imposing the $250 fine on Owens.

## I. Factual and Procedural Background.

In early April 2016, Owens was discovered inside Lola Baker's outbuilding with papers in his hands and pockets and papers scattered on the ground. Ms. Baker's brother Rocky and son Corey McCullough found him. Rocky Baker noticed Owens outside his sister's residence entering the outbuilding in the backyard. He woke his nephew, McCullough, who went outside to confront Owens. McCullough asked Owens what he was doing in the outbuilding, and Owens muttered that he was trying to keep warm. McCullough then restrained Owens until police arrived.

Following Owens's arrest, the court appointed him a public defender. The Department of Public Advocacy has represented Owens throughout the trial and appellate process. At trial, Owens testified that he had no place to sleep on the night in question, and he was trying to keep warm and looking for papers to burn to keep his fire going—which he had built outside his sister's house next door to the Bakers. He further testified that the previous tenant of the Baker residence, Chris Earl, who—unbeknownst to Owens—had moved out

---

[2] Kentucky Revised Statutes.

2

a little over a month earlier, had let him stay in the outbuilding when he had no other place to stay. At the end of the trial, a jury convicted Owens of the aforementioned charges, and he was sentenced to twenty-years' imprisonment, $186 in court costs, and a fine of $250 for the disorderly conduct misdemeanor. This appeal followed.

## II. Standard of Review.

At trial, the court denied both of Owens's motions for directed verdict. "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). Owens's other claims of error are unpreserved, but he requests palpable error review. RCr[3] 10.26. An error is palpable if "it is clear or plain under current law[.]" *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009). However, even a palpable error does not justify relief unless the error is both prejudicial and results in manifest injustice; "unless, in other words, the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Id.* (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006)).

---

[3] Kentucky Rules of Criminal Procedure.

## III. Analysis.

### A. <u>Denial of Directed Verdict Motions.</u>

After the Commonwealth's case-in-chief and at the conclusion of trial, Owens moved for a directed verdict. The court denied both motions. Owens argues that the court should have directed a verdict in his favor because the Commonwealth failed to prove the elements of third-degree burglary. KRS 511.040. More precisely, Owens argues that the Commonwealth failed to prove that he entered Ms. Baker's outbuilding with the intent to commit a crime and that he knew he did not have permission to be in the outbuilding. KRS 511.040 states that "[a] person is guilty of burglary in the third degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building."

The evidence showed that Owens broke into the locked outbuilding in order to get out of the cold and to find paper to rekindle his fire. The papers inside the outbuilding did not belong to him, and he intended on removing them from the outbuilding which would constitute theft—a crime. Furthermore, a jury could have reasonably inferred that Owens knew he did not have permission to be in the outbuilding as Chris Earl no longer lived there and had not for over a month; the door was locked; and Owens tried to run when Corey McCullough confronted him. Given this evidence, the trial court did not err by denying Owens's directed verdict motions.

B. Court Costs and Fines.

This issue is unpreserved but arose at Owens's sentencing when the trial court imposed $186 in court costs and a $250 fine. Regarding court costs, KRS 23A.205(2) "mandates the imposition of court costs on a convicted defendant, 'unless the court finds that the defendant is a poor person defined by KRS 453.190(2) and that he or she is unable to pay court costs and will be unable to pay the court costs in the foreseeable future.'" *Hall v. Commonwealth*, 551 S.W.3d 7, 21 (Ky. 2018) (quoting KRS 23A.205(2)). However, the onus is "on the part of a defendant to raise and show poverty status." *Id.* at 23. Here, Owens did not raise the issue of his poverty status at sentencing, and this Court has previously held that representation by a public defender is not a proxy for poor person status under KRS 23A.205(2). *See id.* at 22 (citing *Spicer v. Commonwealth*, 442 S.W.3d 26, 35 (Ky. 2014)). Thus, we affirm the trial court's imposition of court costs upon Owens.

Conversely, our previous holding in *Hall* dictates that we must reverse the $250 misdemeanor fine imposed upon Owens. *Id.* at 21.

> KRS 534.040(4) states, "Fines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31." If a defendant is provided court-appointed counsel, the Court "may assume the trial court determined that he was an indigent person." Because appointed counsel represented Hall throughout the proceedings, we may assume, and the Commonwealth concedes, that the trial court improperly imposed a fine in violation of KRS 534.040(4).

*Id.* (footnote omitted). Following *Hall*, the Commonwealth concedes that the misdemeanor fine was improperly imposed as Owens was represented by a

5

public defender throughout the proceedings below. Therefore, we vacate the judgment insofar as it imposes a $250 misdemeanor fine under KRS 534.040.

## IV. Conclusion.

For the foregoing reasons, this Court vacates the portion of the judgment imposing the $250 fine upon Owens and affirms the remainder of the trial court's judgment.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

COUNSEL FOR APPELLANT:

Roy Alyette Durham II
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General

6