RENDERED:  JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1616-MR

THOMAS R. ELZA, JR.                                                APPELLANT

v.
APPEAL FROM LAUREL CIRCUIT COURT
HONORABLE GREGORY A. LAY, JUDGE
ACTION NO. 03-CR-00251

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, KRAMER, AND LAMBERT, JUDGES.

DIXON, JUDGE:  Thomas R. Elza, Jr., *pro se*, appeals the order denying his

motion for new trial due to substantial error under CR[1] 61.02, entered by the Laurel

Circuit Court on October 1, 2019.  Following a careful review, we affirm.

---

[1]  Kentucky Rules of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

On July 1, 2005, Elza pled guilty to murder and burglary in the first degree. The underlying facts concerning his plea were summarized in *Commonwealth v. Elza*, 284 S.W.3d 118 (Ky. 2009). Rather than recount the salacious details, we choose to adopt the statement of those facts and include only the facts pertinent to the appeal herein. That appeal concerned the denial of Elza's March 10, 2006, RCr[2] 11.42 motion to vacate the judgment entered August 1, 2005. Therein, Elza claimed he received ineffective assistance of counsel because defense counsel pressured him to take the plea offer rather than pursue an intoxication defense at trial. Elza admits he raised the issues of his October 29, 2003, medical evaluation by Dr. Steven J. Simon, as well as his June 29, 2005, medical evaluation by Dr. E. Don Nelson, during that appeal. That panel of our Court remanded for an evidentiary hearing but was reversed and the judgment reinstated on discretionary review. The Court ultimately held Elza's guilty plea was voluntary and valid; his intoxication defense had little chance of success, so he was not prejudiced by counsel's recommendation that he plead guilty; his attorney's advice to accept the plea bargain was reasonable and not ineffective assistance of counsel; and Elza was not entitled to a hearing on his motion.

---

[2] Kentucky Rules of Criminal Procedure.

Six years later, on April 6, 2015, Elza moved the trial court, pursuant to CR 60.02, to vacate the judgment based on "newly discovered evidence." Elza asserted he did not learn until December 8, 2014, when he reviewed his Department of Public Advocacy file, that his trial counsel failed to inform him of the existence of certain expert opinions demonstrating that he was mentally ill— namely, Dr. Simon's report of May 9, 2005, and Dr. David L. Finke's report dated March 24, 2005. Elza appealed the trial court's denial of his CR 60.02 motion arguing the denial of relief constituted an abuse of discretion resulting in a fundamental miscarriage of justice. Another panel of our Court found no error and affirmed the judgment in *Elza v. Commonwealth*, No. 2015-CA-000796-MR, 2017 WL 1102989 (Ky. App. Mar. 24, 2017). A few months later, on July 17, 2017, Elza moved the trial court to vacate the judgment and sentence under CR 60.02(f) for "any other reason of an extraordinary nature justifying relief[.]" In that motion, Elza again claimed he was unaware of certain expert opinions—the medical evaluations of Dr. Nelson, Dr. Simon, and Dr. Finke—at the time of his guilty plea. That motion was denied by the trial court on July 25, 2017.

Two years later, on June 20, 2019, Elza moved the trial court for a new trial pursuant to CR 61.02, alleging substantial, palpable error. The primary basis for Elza's motion is that he was unaware of two of the reports by experts previously discussed herein at the time he pled guilty. The same was denied by the

trial court as raising only issues that had been—or should have been—raised in a

prior appeal. Specifically, the trial court stated in its order:

> it appears that the Movant is again claiming grievance over three expert reports that Movant claims support his claimed defense of intoxication and criminal responsibility. The reports are from two defense experts, Dr. David Finke and Dr. E. Don Nelson, and from Dr. Steven Simon from KCPC. The Court will first note that these reports were in issue and were fully discussed and analyzed in the appeal of Elza v. Commonwealth, No. 2015-CA-000796-MR. The issues raised in Movant's present motion are the same issues raised in the aforesaid appeal.
>
> The Court must also again point out that the issue of mental evaluation reports was even discussed in Commonwealth v. Elza, 284 S.W.3d 118 (Ky. 2009), wherein the Kentucky Supreme Court reversed the Court of Appeals who had reversed the trial court's denial of RCr 11.42 relief without a hearing. It is clear from reading that opinion that Elza knew about the KCPC evaluation and at least one defense mental evaluation report as far back as his original appeal.
>
> The Movant has raised no allegations in his current motion that have not been raised, or should have been raised previously. The Court finds no basis in fact or law to support relief pursuant to CR 61.02.

This appeal followed.

## ANALYSIS

In *Commonwealth v. Jones*, 283 S.W.3d 665 (Ky. 2009), the Court

discussed the palpable error rule of RCr 10.26, stating:

an unpreserved error may be noticed on appeal only if the error is "palpable" and "affects the substantial rights of a party," and even then relief is appropriate only "upon a determination that manifest injustice has resulted from the error." An error is "palpable," we have explained, only if it is clear or plain under current law, *Brewer v. Commonwealth*, 206 S.W.3d 343 (Ky. 2006), and in general a palpable error "affects the substantial rights of a party" only if "it is more likely than ordinary error to have affected the judgment." *Ernst v. Commonwealth*, 160 S.W.3d 744, 762 (Ky. 2005). *But see United States v. Olano*, 507 U.S. at 735, 113 S.Ct. 1770 (discussing the federal "plain error" standard and noting, without deciding, that there may be forfeited errors so fundamental that they "can be corrected regardless of their effect on the outcome."). An unpreserved error that is both palpable and prejudicial still does not justify relief unless the reviewing court further determines that it has resulted in a manifest injustice, unless, in other words, the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be "shocking or jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006).

*Id*. at 668. Although *Jones* involved an interpretation of palpable error under the criminal rules, the language in CR 61.02 is identical. As such, cases involving RCr 10.26 are relevant in analyzing CR 61.02.

Under the clear holding of *Jones*, palpable error relief is not available unless three conditions are present. The error must have: (1) been clear or plain under existing law, (2) been more likely than ordinary error to have affected the judgment, and (3) so seriously affected the fairness, integrity, or public reputation of the proceeding to have been jurisdictionally intolerable. In this case, the trial

court's ruling was not a clear or plain error for the reasons discussed herein; thus, relief was properly denied.

We further note CR 61.02 and RCr 10.26 are not mechanisms for obtaining post-conviction relief. Rather, those rules allow palpable error that was insufficiently raised or preserved to serve as grounds for relief in a motion for a new trial filed pursuant to RCr 10.06. RCr 10.06(1) provides, "The motion for a new trial shall be served not later than five (5) days after return of the verdict. A motion for a new trial based upon the ground of newly discovered evidence shall be made within one (1) year after the entry of the judgment or at a later time if the court for good cause so permits." Here, the judgment was entered August 1, 2005, and the instant motion was not filed until June 20, 2019—over a dozen years too late. Since Elza's time for filing an RCr 10.06 motion for a new trial passed long before he filed this motion, his motion for a new trial was untimely and could have been denied by the trial court for this reason alone.

Furthermore, Elza's attempt to obtain relief in this fashion was not allowed by the rules governing post-conviction relief. In *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983), the Court stated, "The structure provided in Kentucky for attacking the final judgment of a trial court in criminal cases is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02."

As Elza has utilized post-conviction attacks by direct appeal, via RCr 11.42 and CR 60.02, his belated attempt to obtain a new trial in the manner he employed was improper.

Even if Elza's motion is treated as one under CR 60.02, he would not have been entitled to relief because the grounds asserted were grounds that were or could have been raised in his direct appeal through his RCr 11.42 motion or in his prior CR 60.02 motions. Thus, he is precluded from raising them in this manner. *See Gross*, 648 S.W.2d at 856.

## CONCLUSION

Therefore, and for the forgoing reasons, the order entered by the Laurel Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Thomas R. Elza, Jr., *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky