RENDERED: MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0468-MR

STEPHEN CLAYTON        APPELLANT

|  | APPEAL FROM KENTON CIRCUIT COURT |
|---|---|
| v. | HONORABLE KATHLEEN LAPE, JUDGE |
|  | ACTION NO. 14-CR-00399 |

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING
** ** ** ** **

BEFORE: ACREE, JONES, AND K. THOMPSON, JUDGES.

JONES, JUDGE: Stephen Clayton appeals the Kenton Circuit Court's March 23, 2020, order terminating his diversion for nonpayment of child support. Having reviewed the record and being otherwise sufficiently advised, we affirm.

# I. BACKGROUND

In September 2014, Clayton pled guilty to flagrant nonsupport[1] after entering into an agreement with the Commonwealth. Soon thereafter, the trial court entered an order placing Clayton on unsupervised pretrial diversion. According to the terms of the agreement and the trial court's order, Clayton was to remain on pretrial diversion for five years or until his child support arrearages had been paid. Additionally, Clayton was to maintain employment, pay his court costs, keep his child support obligations current, and pay a lump sum of $400.00 toward child support arrears. The order further provided that if Clayton failed to successfully complete pretrial diversion, then the trial court could impose a sentence as provided by law.

In August 2015, the Commonwealth moved to revoke Clayton's pretrial diversion for failing to make the required payments. According to the affidavit executed by his case worker, and included with the Commonwealth's motion, Clayton's last child support payment was in February 2015. The trial court found that Clayton had violated the terms of his diversion; however, it later entered an order continuing his diversion under the original terms and conditions of the pretrial diversion order.

---

[1] Kentucky Revised Statute (KRS) 530.050(2) and (6), a Class D felony.

The Commonwealth filed a second motion to revoke Clayton's pretrial diversion in September 2016 because he had not made a child support payment for months. The Commonwealth's motion was supported by an affidavit from Clayton's case worker. Again, the trial court determined Clayton had violated the terms of his pretrial diversion. Although Clayton was permitted to remain on pretrial diversion following this violation, the court added the following conditions: (1) Clayton shall execute a wage assignment, (2) Clayton shall make a lump sum payment of $300.00, and (3) Clayton shall continue to meet his child support obligation through wage assignment.

In March 2018, the Commonwealth filed a motion seeking to terminate Clayton's diversion. The affidavit attached to the motion stated that Clayton only made four child support payments since he was last in court, and as of February 2018, he was $21,515.22 in arrears. A warrant was subsequently issued for Clayton's arrest but was not served until February 2020.

On March 3, 2020, the trial court conducted a hearing regarding the Commonwealth's motion to terminate Clayton's diversion. During the hearing, Clayton stipulated to flagrant nonsupport and decided not to testify or present any evidence. Instead, his attorney informed the court that Clayton had previously been employed but had lost his job because he had to move out of his ex-girlfriend's house. Clayton's attorney also informed the court that Clayton was

working with a temp agency to find employment. The Commonwealth also decided not to put on evidence, apparently choosing to rely on the case worker affidavits and Clayton's stipulation. The Commonwealth also indicated that the statement from Clayton's attorney regarding Clayton's employment was contradictory to what Clayton had said during his arraignment. Additionally, the Commonwealth noted that Clayton had only made a single payment in 2019 amounting to $348.00.

At the conclusion of the hearing, the court made the following findings orally:

> Mr. Clayton, I've had an opportunity to review this file. You've been back and forth. I've reviewed all of the documents. The plea agreement requires you to be under the courts, on diversion or non-reporting pretrial diversion until all amounts are paid. This was a diversion offer. All the diversion offers say this. You've been back before the court three times. Each time and each motion recites the, um the recommendation of the Commonwealth was you would be under probation or diversion until all amounts were paid. This was, the order, was signed on March 9th. You've only paid $314 [sic] since then. At some point the curtain has to fall. It's clear that you can't keep a job or pay or do what you're supposed to. So, I'm going to terminate you from diversion and impose thirteen months to serve. I'll give you credit for time served.

As the trial court recited its findings after the time for introducing evidence had closed, Clayton interrupted to inform the trial court he had been taking classes.

However, the trial court did not acknowledge this, and Clayton made no further attempts to justify his failure to pay.

On March 23, 2020, the trial court entered its written order terminating Clayton's diversion. The trial court further found that Clayton's

> failure to comply with the conditions of supervision by failing to pay child support as ordered constitutes a significant risk to prior victims of the supervised individual or the community at large, and [he] cannot be appropriately managed in the community. [Clayton's] actions clearly show that revocation is necessary as [he] cannot be appropriately supervised.

This appeal followed.

## II. ANALYSIS

Clayton raises two arguments on appeal. First, that the court erred by failing to make the requisite findings of fact under KRS 439.3106; and second, that it failed to make the findings of fact required for flagrant nonsupport cases, pursuant to *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011). Given that the first issue was preserved and the second was not, we will address each in turn considering their respective standards of review.

Courts are required to treat diversion termination proceedings the same as those for probation revocation. KRS 533.256(2). We have explained,

> [a] trial court has discretion in probation revocation matters but must exercise its discretion consistent with statutory criteria. Specifically, before revoking probation a trial court must make two findings under Kentucky

Revised Statutes (KRS) 439.3106(1): (1) whether the alleged probation violation constitutes a significant risk to prior victims of the supervised individual or the community at large and (2) whether the defendant cannot be appropriately managed in the community. A trial court is not required to provide explanations for those findings; instead, it must only make the findings, which must be supported by the evidence of record. We review a trial court's revocation decision for abuse of discretion. And for a trial court's decision to be an abuse of discretion, we must find that the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

. . .

We have specifically held KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions and so incarceration remains a possibility.

*New v. Commonwealth*, 598 S.W.3d 88, 90 (Ky. App. 2019) (internal citation and quotation marks omitted).

Clayton argues the trial court's failure to make findings under KRS 439.3106 violated his due process rights. More specifically, he states the Commonwealth did not present any evidence regarding, nor did the court make a finding concerning whether he was a significant risk to his prior victims or the community at large. Clayton further asserts that the trial court should have considered lesser sanctions before terminating his pretrial diversion. As a result, he suggests the trial court's revocation of his pretrial diversion was arbitrary, unreasonable, unfair, and unsupported by sound legal principles.

-6-

Clayton stipulated to flagrant nonsupport. In addition, attached to each of the Commonwealth's motions for diversion revocation, were affidavits executed by Clayton's case workers stating that he had not paid child support. The Kentucky Supreme Court has acknowledged that "[w]hen a person commits the offense of flagrant nonsupport, he or she causes the party entitled to receive child support to incur expenses because of that criminal act." *Marshall*, 345 S.W.3d at 828-29. Thus, Clayton's continued failure to pay child support is, at least, a significant risk to his prior victim because of the expenses incurred as a result of his flagrant nonsupport. Clayton chose not to introduce any evidence to refute this. Therefore, the court's finding of such was not arbitrary.

Further, the court made both oral and written findings of fact, which are supported by the evidence in the record. During the hearing, when giving its oral findings, the court noted the two prior motions to revoke Clayton's diversion and his lack of consistent payments. The court stated it was clear Clayton could not keep a job or meet his child support obligation and chose to terminate his pretrial diversion. Taken together, the court's findings show that it considered the requirements of KRS 439.3106.

While the court was not required to consider lesser sanctions, *New*, 598 S.W.3d at 90, we note that this was Clayton's third time before this trial court for flagrant nonsupport. After the first motion Clayton was permitted to continue

pretrial diversion as originally agreed, and after the second only a few conditions were added to his diversion agreement. Following Clayton's third violation, the trial court exercised its discretion to terminate his pretrial diversion. Considering the court's findings, Clayton's stipulation, and the evidence in the court's record, we cannot say the court abused its discretion in doing so.

Clayton acknowledges his second argument is unpreserved and requests palpable error review pursuant to Kentucky Rule of Criminal Procedure (RCr) 10.26. Said review is "granted upon a determination that manifest injustice has resulted from the error." RCr 10.26.

> We consider an error palpable "only if it is clear or plain under current law[.]" *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009). Additionally, a palpable error affects the substantial rights of a party "only if it is more likely than ordinary error to have affected the judgment." *Id.* (citations and internal quotation marks omitted). In short, our review boils down to whether we believe "there is a 'substantial possibility' that the result in the case would have been different without the error." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006).

*Lainhart v. Commonwealth*, 534 S.W.3d 234, 237 (Ky. App. 2017).

In *Marshall*, the Court held that due process requires the trial court to "(1) consider whether the probationer has made sufficient bona fide efforts to pay but has been unable to pay through no fault of his own and (2) if so, consider whether alternative forms of punishment might serve the interests of punishment

-8-

and deterrence." 345 S.W.3d at 824. These findings must be made "specifically on the record." *Id*. at 833. To deprive an individual of their "conditional freedom without making such findings [is] a violation of due process." *Lainhart*, 543 S.W.3d at 239.

To comply with *Marshall*, the Commonwealth must first show "that payment conditions were violated by the defendant's failure to make the required payments." Once the Commonwealth meets this burden, "the probationer bears the burden of persuading the trial court that he made bona fide efforts to comply with payment conditions but was unable to do so through no fault of his own." *Marshall*, 345 S.W.3d at 834. "The trial court must afford the probationer an opportunity to present evidence of reasons for nonpayment but may focus consideration on post-plea changes if defendant entered a guilty plea to flagrant nonsupport, particularly where he agreed to make payments under a plea agreement." *Id.*

Clayton stipulated to having violated his payment conditions. His stipulation meant that the Commonwealth met its initial burden. As such, under *Marshall*, the burden shifted to Clayton to demonstrate to the trial court that "he made bona fide efforts to comply with payment conditions but was unable to do so through no fault of his own." *Id.* As noted above, Clayton elected not to testify or introduce any evidence at the subject hearing. He relied only on the arguments on

his counsel. Whether Clayton made bona fide efforts to pay his child support but was unable to do so through no fault of his own, would not be something the trial court could discover on its own. This is a matter that would be within the knowledge of Clayton himself. Although *Marshall* requires the trial court to inquire into the reasons for failure to pay, the trial court here was unable to do so through no fault of its own because Clayton chose not to testify or present any evidence. We decline to find palpable error where Clayton invited the error by failing to present any evidence. *Gamble v. Commonwealth*, 293 S.W.3d 406, 412 (Ky. App. 2009).

The trial court conducted a hearing at which it provided Clayton with an opportunity to present evidence. While Clayton's attorney made some arguments on his behalf, Clayton did not testify, attempt to introduce any documentary evidence, or call any witnesses on his own behalf to demonstrate that his inability to pay was not his fault. Given the facts surrounding this case, Clayton has not shown that the circuit court committed palpable error. We cannot conclude that the circuit court's failure to put more specific findings on the record resulted in manifest injustice when Clayton, after having been afforded the opportunity to present evidence in his defense, failed to supply the trial court with the necessary information to make more detailed findings.

For the foregoing reasons, we hereby affirm the Kenton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Lauren Lewis
Assistant Attorney General
Frankfort, Kentucky