RENDERED: DECEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0212-MR

ERIC DANIELS                                    APPELLANT

                 APPEAL FROM HICKMAN CIRCUIT COURT
v.             HONORABLE TIMOTHY A. LANGFORD, JUDGE
                      ACTION NO. 21-CR-00015

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
VACATING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND GOODWINE, JUDGES.

CETRULO, JUDGE: Appellant Eric Daniels ("Daniels") appeals the order of the Hickman Circuit Court requiring him to pay jail reimbursement fees pursuant to KRS[1] 441.265.

---

[1] Kentucky Revised Statute.

**FACTUAL AND PROCEDURAL HISTORY**

In November 2021, Daniels entered an *Alford*[2] plea of guilty to first-degree rape, third-degree rape, and second-degree unlawful transaction with a minor. Prior to sentencing, Daniels spent 83 days in jail. At his sentencing in February 2022, the circuit court imposed a sentence of 16 years of imprisonment, along with jail reimbursement fees. The circuit court assessed that Daniels owed Hickman County $2,145 in jail reimbursement fees: $25 a day for the first 13 days, then $26 a day for the each of the remaining 70 days.[3]

During the sentencing hearing, the circuit court confirmed that Daniels had received, reviewed, and agreed with his Pre-Sentence Investigation Report. Then, the circuit court detailed the jail fees owed. The Commonwealth did not present evidence regarding the validity of the fees or the county governing body's approval of such fees. The Commonwealth did not appear to know much about the fees at all, and initially disagreed with the calculations of the circuit court, stating that it believed the per-day rate was the same "whether it was before or after" July 1, 2021.

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); a plea under which the defendant does not admit to the charges but pleads guilty because the evidence against him or her is overwhelming.

[3] The circuit court order detailed that the county had implemented a new policy on Daniels's fourteenth day of incarceration that increased the per-day fee by $1.

The circuit court noted that "it was showing a $25 and a $26" and openly asked the courtroom attendees if that was accurate. The individual sitting directly next to the judge, presumably someone who works for him or the courthouse, answered "yes."[4] The circuit court, having seemingly satisfied the question, then reiterated that it was $26 after July 1, to which the Commonwealth responded "okay, if that's the case, then [Daniels] has 13 [days] before [July 1] and 70 after." The discussion ended there. No evidence was presented to validate the policies, the change thereof on July 1, or the governing body's approval of such policies. Before adjourning, the circuit court mentioned that Daniels's jail fees would be due when he walked out of jail.

Following the hearing, in February 2022, the circuit court entered an order stating

> The Court having been advised that [Daniels] has been incarcerated in jail prior to the date of sentencing, and the Court being further aware that Hickman County does not operate a jail and had adopted a jail fee ordinance/policy pursuant to applicable law and set jail fees at actual costs of payment to the other county jails at $25.00 per day, PRIOR to July 1st, 2021, and the Court being further advised that Hickman County has adopted a NEW jail fee ordinance pursuant to applicable statute and has established a jail fee of $26.00 per day the actual costs of payment to other county jails EFFECTIVE July 1, 2021 and the Court finding that these costs are reasonable

---

[4] Neither the Commonwealth nor the defense attorney confirmed or presented evidence confirming the fees.

pursuant to KRS 441.265, and being otherwise
sufficiently advised,

IT IS THEREFORE THE ORDER OF THIS
COURT that the defendant reimburse Hickman County at
the rate of $25.00 per day for each of the 13 days spent in
incarceration (before July 1, 2021) prior to sentencing.

IT IS THEREFORE THE ORDER OF THIS
COURT that the defendant reimburse Hickman County at
the rate of $26.00 per day for each of the 70 days spent in
incarceration (July 1, 2021 to present) prior to
sentencing[.]

Daniels now appeals the order regarding the jail reimbursement fees

and claims the Commonwealth failed to present evidence of the reimbursement

policies, as KRS 441.265 requires. Daniels recognizes that he did not preserve the

issue below and requests palpable error review. *See* RCr[5] 10.26.

## STANDARD OF REVIEW

An unpreserved issue, like that found here, "may be noticed on appeal

only if the error is 'palpable' and 'affects the substantial rights of a party[.]'"

*Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009) (citing RCr 10.26). An

error is palpable "only if it is clear or plain under current law" and only if "it is

more likely than ordinary error to have affected the judgment." *Id.* (citations

omitted). Even when the error is palpable and prejudicial, relief is still not

warranted "unless the reviewing court further determines that it has resulted in a

---

[5] Kentucky Rule of Criminal Procedure.

manifest injustice," meaning "the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Id.* (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006)).

## ANALYSIS

As an initial matter, quoting *Chadwell v. Commonwealth*, 627 S.W.3d 899, 902 (Ky. 2021), the Commonwealth claims that Daniels's failure to raise the issue of jail fees at sentencing and the circuit court's decision adhering to the facts in the record means "there is no error, 'sentencing or otherwise[,]' to correct on appeal." We disagree. First, *Chadwell* stated that the defendant's failure to raise the issue of *poverty status* before the trial court did not constitute error. *Id.* (citation omitted). Here, we have no issue regarding poverty status or court costs and find the reference to *Chadwell* largely irrelevant on the issue of jail fees.

Second, the Kentucky Supreme Court, more recently than *Chadwell*, clarified that "since sentencing is jurisdictional it cannot be waived by failure to object. Thus, sentencing issues may be raised for the first time on appeal[.]" *Capstraw v. Commonwealth*, 641 S.W.3d 148, 161 (Ky. 2022) (quoting *Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010)). In *Capstraw* – contrary to the Commonwealth's assertions – the Kentucky Supreme Court found error where a circuit court imposed jail fees, the defendant failed to preserve the issue, and the

defendant requested palpable error review. *Id.* at 161-62. As we have an identical situation before us, we will follow the relevant precedent, *i.e.*, *Capstraw*.

Next, Daniels argues that the failure of the Commonwealth to present evidence regarding the jail reimbursement policy violated KRS 441.265(2)(a) and relevant caselaw, which amounted to palpable error. We agree. KRS 441.265(2)(a) states:

> The jailer may adopt, with the approval of the county's governing body, a prisoner fee and expense reimbursement policy, which may include, but not be limited to, the following:
>
> 1. An administrative processing or booking fee;
>
> 2. A per diem for room and board of not more than fifty dollars ($50) per day or the actual per diem cost, whichever is less, for the entire period of time the prisoner is confined to the jail. Not later than the second Friday in February of each year, the Department of Corrections shall adjust the fifty dollar ($50) maximum per diem for room and board at a rate accounting for any percentage increase or decrease in the nonseasonally adjusted annual average Consumer Price Index for All Urban Consumers, U.S. City Average, All Items, as published by the United States Bureau of Labor Statistics, using 2022 as the base year;
>
> 3. Actual charges for medical and dental treatment; and
>
> 4. Reimbursement for county property damaged or any injury caused by the prisoner while confined to the jail.

In *Capstraw*, the Kentucky Supreme Court emphasized that in order to impose jail fees against a criminal defendant, some evidence that a jail fee policy had "been adopted by the county jailer with approval of the county's governing body in accordance with KRS 441.265(2)(a)" must be presented at sentencing. 641 S.W.3d at 161-62 (citing *Weatherly v. Commonwealth*, No. 2017-SC-000522-MR, 2018 WL 4628570, at *1, *10 (Ky. Sep. 27, 2018)).

Like here, the defendant in *Capstraw* argued that the circuit court committed palpable error when it imposed jail fees "because there was no evidence of record that the [county] jail had adopted a jail fee reimbursement policy." *Id.* at 161. The Kentucky Supreme Court agreed and vacated the order imposing jail fees, finding that "there [was] no evidence that [the county] had established a jail fee reimbursement policy pursuant to statute, and no evidence that such policy was ever presented to the trial court to be considered in sentencing." *Id.* (quoting *Weatherly*, 2018 WL 4628570, at *10).

The Commonwealth, perhaps recognizing its predicament, now attempts to distinguish *Capstraw* from the present case and argues that our Supreme Court vacated the jail fees in *Capstraw* "because the court's sentencing order made no mention of a jail fee reimbursement policy[.]"[6] However, that was

---

[6] The Commonwealth makes a similar claim using *Campbell v. Commonwealth*, No. 2020-CA-0690-MR, 2021 WL 1051590, at *1, *5 (Ky. App. Mar. 19, 2021). This unpublished case,

not the Court's finding. Instead, the Kentucky Supreme Court clearly stated that it was required to vacate the jail fees "because there was no such evidence *presented during* [*defendant's*] *sentencing*[.]" *Id.* at 162 (emphasis added). Therefore, *Capstraw* does not support the assertion of the Commonwealth that the jail fee policy's validity and approval can be established simply by declaring it in the circuit court order. Instead, evidence must *be presented* to the circuit court to *be considered* during sentencing. *Id.*

Although unpublished, our Supreme Court cited *Weatherly* when making such determination. Therefore, we find it valuable to analyze here. In *Weatherly*, again, the defendant requested discretionary review of the circuit court's imposition of jail fees for palpable error and, again, the Kentucky Supreme Court found palpable error. *Weatherly*, 2018 WL 4628570, at *10. Our Supreme Court determined that "[f]rom the record, there is no evidence that [the county] had established a jail fee reimbursement policy pursuant to statute, and no evidence

---

released *before Capstraw*, also reversed the judgment imposing jail fees but noted that "the trial court failed to make any finding that the jailer adopted, with the approval of the county's governing body, a prisoner fee and expense reimbursement policy under KRS 441.265(2)(a)." *Id.* at *5. Therefore, the Commonwealth concludes that a circuit court need only mention such "findings" in its order to adhere to applicable law. *See also McAllister v. Commonwealth*, No. 2019-CA-0243-MR, 2020 WL 4917921, at *1, *3 (Ky. App. Aug. 21, 2020). Such conclusions ignore *binding* precedent of our Supreme Court, published *after Campbell* and *McAllister*, which requires the *presentation* of evidence to be considered at sentencing. *Id.* For the same reasons discussed in our *Capstraw* analysis, we, again, are not persuaded.

-8-

that such policy was ever presented to the trial court to be considered in sentencing." *Id.* Therefore, our Supreme Court vacated the jail fees. *Id.*

Similarly, here, the record contains no evidence to establish the jail fee or its adoption by the county's governing body and no evidence that such proof was presented at sentencing.[7] The sole verbal confirmation that any such policies even existed came not from a party or the circuit court judge, but from a bystander. The written record is equally lacking. The circuit court's order and the Judgment and Sentence on Plea of Guilty, which simply stated the days of incarceration for each per-day rate, are the *only* documents in the record that even reference the jail fees. Although the circuit court order stated that policies existed and that the county adopted the policies "pursuant to applicable law," no evidence was presented to support such claims. In fact, as discussed, it did not appear that the Commonwealth was even aware of such policies, much less whether each was valid or properly approved under applicable law.

---

[7] The Commonwealth now attempts to submit new evidence – found nowhere in the record – to meet such requirements; and claims that we are permitted to take judicial notice of such documents. Kentucky Rule of Evidence 201(f) (stating "Judicial notice may be taken at any stage of the proceeding."). Again, this is largely irrelevant because judicial notice "allows a court to use commonly-known assumptions of fact as evidence." *Marchese v. Aebersold*, 530 S.W.3d 441, 447 (Ky. 2017). An unauthenticated document stating a governing body's approval of a jail fee reimbursement policy would not constitute "commonly-known assumptions of fact," especially considering the Commonwealth did not know about the policies. Further, *Capstraw* was clear that the evidence must be presented *to the trial court* to be considered in sentencing. 641 S.W.3d at 162.

The failure of the Commonwealth to present any evidence (or even be aware that such policies existed before imposing the fees) resulted in manifest injustice.

## CONCLUSION

During sentencing, the Commonwealth failed to present any evidence to the circuit court that Hickman County had established the jail fee policies and that the county governing body had approved them. Therefore, the imposition of jail fees resulted in palpable error, and the order of the Hickman Circuit Court imposing jail fees is VACATED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Erin Hoffman Yang<br>Kayley V. Barnes<br>Frankfort, Kentucky | Daniel Cameron<br>Attorney General of Kentucky<br><br>Mark D. Barry<br>Assistant Attorney General<br>Frankfort, Kentucky |