RENDERED: OCTOBER 25, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0550-MR

TREVOR BALLARD                                                            APPELLANT

v.          APPEAL FROM TAYLOR CIRCUIT COURT
            HONORABLE SAMUEL TODD SPALDING, JUDGE
            ACTION NO. 22-CR-00118

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Trevor Ballard ("Ballard") appeals from his conviction of felon in possession of a handgun and being a second-degree persistent felony offender ("PFO"). He argues the circuit court failed to direct a verdict of acquittal where there was insufficient evidence to prove he possessed a handgun. After careful review, we affirm.

On June 21, 2022, Ballard was indicted on first-degree wanton endangerment; theft by unlawful taking (over $500 and less than $1000); third-

degree unlawful transaction with a minor; being a convicted felon in possession of a handgun; and being a first-degree PFO for events that occurred on May 13, 2022.

Ballard entered a guilty plea prior to trial. The circuit court did not accept the plea, so Ballard withdrew it.

Ballard also moved to sever counts in the indictment from each other but requested for his charges for unlawful transaction with a minor and theft by unlawful taking to be joined. The Commonwealth objected. The circuit court granted Ballard's motion to sever the charges of theft by unlawful taking and unlawful transaction with a minor from the other charges. The court denied Ballard's motion to sever the charges of wanton endangerment and possession of a handgun by a convicted felon. Instead, the circuit court ordered the trial would be trifurcated: first, the court would conduct a guilt phase for wanton endangerment; second, the court would conduct a second guilt phase for felon in possession of a handgun; and finally, if convicted of either, then there would be a third guilt phase on the PFO charge.

The circuit court held a jury trial on January 9, 2023. Regarding the felon in possession of a handgun charge, there was competing testimony regarding whether Ballard possessed a handgun on May 13, 2022. Faith Pittman ("Pittman"), Crystal Williams ("Williams"), and Jeri Orberson ("Orberson") were all working at the Campbellsville Huddle House on May 13, 2022. They were taking a break

outside when the incident occurred. Ballard drove into the Huddle House parking lot, yelled at them, circled around the building, and parked in the Big Lots parking lot behind the Huddle House.

Williams walked toward Ballard's car, and they screamed at each other. Pittman testified Ballard got out of the car with something black in his hand that looked like a weapon, but she was not sure it was a gun. Williams testified that Ballard got out of the car, they argued, and Ballard pulled his gun and started waving it around. Orberson testified that when Ballard jumped out of the car, she saw a holster on his hip with a gun in it. Orberson continued that after Ballard and Williams started yelling at each other, Ballard pulled the gun out of the holster. She stated it a was a 9mm. She testified he eventually got into his car and left, and she called the police about the incident.

Officer Zachary Richardson of the Lebanon Police Department received a dispatch to watch for Ballard's car, and he later located the car and pulled it over. Ballard was driving, and Knysa White ("White") and Ballard's son were passengers. Ballard had a holster on but said he did not have a gun. Ballard consented to a search of the car, and Officer Richardson found a 9mm between the center console and passenger seat.

White testified that she was in the car during the Huddle House incident, and Ballard did not have a gun in his hand. She testified she owned the gun found in the car, and it was in her purse during the incident.

Ballard testified he and a woman yelled at each other, but he did not have a gun in his hand. Ballard admitted he had the holster on but said he never carried a gun in it. He admitted he was a convicted felon at the time of the incident.

The jury acquitted Ballard of the wanton endangerment charge, but it convicted him of possession of a handgun by a convicted felon and of being a second-degree PFO. The jury recommended a ten-year sentence.

At sentencing, Ballard pled guilty to the severed charge, which was amended to third-degree facilitation of unlawful transaction with a minor with a recommended 90-day concurrent sentence. The theft by unlawful taking charge was dismissed. The circuit court accepted the jury's recommended sentence and plea, and Ballard was sentenced to ten years in prison. This appeal followed.

On appeal, Ballard argues the circuit court erred in failing to direct a verdict of acquittal where there was insufficient evidence to prove the possession of a handgun charge. Ballard concedes he argued different grounds in support of his motion for a directed verdict below. The Commonwealth does not argue the issue is unpreserved and cites the directed verdict standard of review in its brief.

This argument is likely unpreserved as Ballard concedes he failed to raise this specific argument in support of his motion for directed verdict. The Supreme Court of Kentucky has discussed the proper standard of review in this circumstance:

> When the denial of a properly preserved directed verdict motion is challenged on appeal, the standard of review is likewise whether, viewing the evidence in the light most favorable to the Commonwealth, any rational juror could have found all the elements of the crime. [*Commonwealth v. Benham*, 816 S.W.2d 186, 187-88 (Ky. 1991)]. As the Commonwealth points out, however, our rules provide that "[a] motion for a directed verdict shall state the specific grounds therefor." Kentucky Rule of Civil Procedure (CR) 50.01. We have held that insufficiently specific motions for directed verdict do not preserve sufficiency of the evidence challenges for appeal and that in such cases the appropriate standard of review is not the "any rational juror" standard from *Benham* but the palpable error standard of RCr[1] 10.26. *Johnson v. Commonwealth*, 292 S.W.3d 889 (Ky. 2009); *Potts v. Commonwealth*, 172 S.W.3d 345 (Ky. 2005).
>
> Under that standard, appellate relief may not be granted unless a clear error at trial affected the appellant's substantial rights and resulted in manifest injustice. *Commonwealth v. Jones*, 283 S.W.3d 665 (Ky. 2009); RCr 10.26. Whether in this context the two standards, "any rational juror" vs. "palpable error," differ is open to some debate. . . . There do not appear to be any cases, however, in which relief was not available under one standard but would have been under the other.

*Quisenberry v. Commonwealth*, 336 S.W.3d 19, 35 (Ky. 2011).

---

[1] Kentucky Rules of Criminal Procedure,

The Commonwealth's evidence showed that Ballard argued with Williams and pulled a 9mm gun from his holster. Ballard was later pulled over, and a police officer found he was wearing a holster. He consented to a search, and there was a 9mm handgun between the center console and the passenger seat. In rebuttal, Ballard and White testified that he did not have a gun in his hand during the argument, and White testified that the gun was hers.

As the Commonwealth presented testimony that Ballard possessed a gun during the incident and one was later found in his car, there was not "a complete absence of proof" on this issue. *Daniels v. CDB Bell, LLC*, 300 S.W.3d 204, 215 (Ky. App. 2009). Instead, the Commonwealth and Ballard presented conflicting testimony. "Clearly, if there is conflicting evidence, it is the responsibility of the jury, the trier of fact, to resolve such conflicts." *Id.* The jury heard all the evidence presented and exercised its discretion in finding Ballard guilty of felon in possession of a handgun. As such, although we reviewed for "palpable error[,] . . . we need not decide how that review might differ from review under the *Benham* 'any rational juror' standard, even under the latter standard, the evidence was sufficient." *Quisenberry*, 336 S.W.3d at 35-36.

For the foregoing reasons, we affirm the judgment of the Taylor Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Roy Alyette Durham II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky