KINDRED NURSING CENTERS LIM-
ITED PARTNERSHIP d/b/a Harrods-
burg Health Care Center; Kindred
Healthcare Operating, Inc., Kindred
Healthcare, Inc.; and Kindred Hospi-
tals Limited Partnership, Appellant,

v.

Lynne SLOAN, as Ancillary Adminis-
trator of the Estate of Gladys B.
Reed, Deceased, Appellee.

No. 2009–CA–001629–MR.

Court of Appeals of Kentucky.

Dec. 3, 2010.

Donald P. Moloney, II, J. Peter Cassidy, III, Lexington, KY, for Appellants.

Stephen M. O'Brien, III, Lexington, KY, for Appellee.

Before MOORE and THOMPSON, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

MOORE, Judge:

Kindred Nursing Centers Limited Partnership d/b/a Harrodsburg Health Care Center, Kindred Healthcare Operating, Inc., Kindred Healthcare, Inc., and Kindred Hospitals Limited Partnership (Kindred) appeal from an August 13, 2009 order of the Mercer Circuit Court which denied Kindred's motion to compel arbitration. We vacate and remand.

Gladys Reed was a resident of Kindred's facility, Harrodsburg Health Care Center. Reed died on August 28, 2007. Lynne

1. Senior Judge Joseph Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

Sloan,[2] her daughter, was appointed ancillary administrator of her estate.

Sloan, in her capacity as ancillary administrator, individually, and on behalf of other beneficiaries, filed an action against Kindred alleging negligence and violations of statutory duties in the death of Reed. However, Kindred alleged that Reed had signed an arbitration agreement encompassing these claims, and Kindred filed a motion, pursuant to the Kentucky Uniform Arbitration Act, Kentucky Revised Statutes (KRS) 417.045–417.240 (KUAA) and the Federal Arbitration Act, 9 U.S.C. §§ 1–16(FAA), to compel arbitration and either dismiss or stay this action. By order entered August 13, 2009, the circuit court denied Kindred's motion to compel arbitration. This appeal followed.

■ Kindred argues that the circuit court erred by denying its motion to compel arbitration, maintaining that the arbitration agreement constituted a binding and enforceable contract and that the evidence established that Reed signed the agreement through a valid power of attorney.

Under KRS 417.060, a person may seek a judicial order to compel arbitration upon a showing that a valid arbitration agreement exists and that the opposing party refuses to arbitrate. If the opposing party challenges the existence of a valid arbitration agreement, the circuit court "shall proceed summarily to the determination of the issue so raised." KRS 417.060(1).

Appellate review of an otherwise unappealable interlocutory order arises under KRS 417.220(1)(a). The standard of review by our Court from appeals arising under this statute was discussed in *Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340 (Ky.App.2001) as follows:

It may also be well to note that our review of a trial court's ruling in a KRS 417.060 proceeding is according to usual appellate standards. That is, we defer to the trial court's factual findings, upsetting them only if clearly erroneous or if unsupported by substantial evidence, but we review without deference the trial court's identification and application of legal principles....

Here, the circuit court made no factual findings nor can we determine whether the circuit court's ruling was based upon the application of legal principles justifying a *de novo* review by this Court.[3] The circuit court's order does indicate that the court "considered the record" and "heard arguments of counsel." Under the circumstances presented in this case, in reliance upon *Conseco*, we believe the circuit court is bound by Kentucky Rules of Civil Procedure (CR) 52.01, which mandates that a court set forth specific findings of fact and separate conclusions of law in its order or judgment.

As such, the circuit court erred when it entered its August 13, 2009 order denying arbitration because, in that order, it merely stated that Kindred's motion to compel arbitration was denied; it did not contain any findings of fact or conclusions of law. In the absence of such findings and conclusions, we cannot discern the basis of the circuit court's decision and there can be no meaningful review of this case.[4] *See*

---

2. In her brief, the appellee refers to herself as "Lynne *Slone*." However, we refer to her as "Lynne *Sloan*" because this is the way her name is spelled in the notice of appeal.

3. We cannot determine from review of the circuit court's order whether the court found the existence of a valid arbitration agreement which must be resolved first under KRS 417.050 or 9 U.S.C. § 2.

4. This is distinguished from a case where the circuit court makes inadequate findings of fact. In such a case, a party is bound to

*Brown v. Shelton,* 156 S.W.3d 319 (Ky. App.2004).

 We remind the circuit court that it speaks only through written orders entered upon the official record. *See Midland Guardian Acceptance Corp. of Cincinnati, Ohio v. Britt,* 439 S.W.2d 313 (Ky. 1968); *Com. v. Wilson,* 280 Ky. 61, 132 S.W.2d 522 (1939). Thus, any findings of fact and conclusions of law made orally by the circuit court at an evidentiary hearing cannot be considered by this Court on appeal unless specifically incorporated into a written and properly entered order.

Upon remand, the circuit court shall reconsider Kindred's motion to compel arbitration in accordance with KRS 417.050, KRS 417.060, and 9 U.S.C. §§ 1–16, and shall render an order that sets forth specific findings of fact and separate conclusions of law as required by CR 52.01. We view Kindred's remaining contentions of error to be moot.

For the foregoing reasons, the order of the Mercer Circuit Court is vacated and this cause remanded for proceedings consistent with this opinion.

ALL CONCUR.

make a request for more definite findings under CR 52.04 before reversal may be predicated upon such error.