RENDERED: AUGUST 13, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0685-MR

THOMAS D. LEE          APPELLANT

v.      APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A.C. MCKAY CHAUVIN, JUDGE
ACTION NO. 15-CR-003280

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
VACATING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Thomas D. Lee appeals from an order of the Jefferson Circuit

Court denying his motion to vacate his conviction or sentence pursuant to RCr[1]

---

[1] Kentucky Rules of Criminal Procedure.

11.42.  In the absence of any record of such motion pending before the trial court, we vacate the order denying relief.

The relevant facts of this matter are as follows:  On December 15, 2015, a Jefferson County grand jury indicted Lee on one count each of first-degree assault, operating a motor vehicle under the influence of intoxicants, second offense (DUI 2d), operating a motor vehicle while license is suspended for DUI, first offense, and possession of marijuana.  On March 27, 2018, Lee accepted the Commonwealth's offer on a plea of guilty to a single count of second-degree assault, DUI 2d with aggravating circumstances, operating a motor vehicle while license is suspended for DUI, first offense with aggravating circumstances, and possession of marijuana.  Pursuant to the Commonwealth's recommendation, the trial court sentenced Lee to a total of eight years' imprisonment, to run consecutively to a sentence imposed under another indictment.  The court also imposed a license suspension, fines, costs, and restitution as recommended by the Commonwealth.

On September 12, 2019, Lee filed a *pro se* motion to modify his sentence or vacate his conviction under CR[2] 60.02(a), (e), and (f).  He argued that the indictment for first-degree assault was defective because he had never received

---

[2] Kentucky Rules of Civil Procedure.

a citation for that charge. He also asserted that the indictment was defective because the district court had dismissed one of the charges prior to its submission to the grand jury. Finally, Lee asserted that the DUI charge negated the element of intent necessary to prove either first or second-degree assault.

On September 13, 2019, the trial court denied Lee's motion without conducting an evidentiary hearing or appointing counsel. In its order, the court found that Lee's motion failed to state any grounds for relief under CR 60.02. While Lee's written motion did not assert grounds for relief under RCr 11.42, the trial court entered a separate order on March 9, 2020, denying relief on that ground as well. This appeal followed.

As noted, Lee's written motion only asserted grounds for relief under CR 60.02. But at some point in the proceedings, the trial court interpreted his motion as also seeking grounds for relief under RCr 11.42. In his notice of appeal, Lee only identified the March 9, 2020 order denying his motion for relief under RCr 11.42. And in his reply brief, Lee states that he waived his right to appeal the denial of the CR 60.02 motion. In any event, Lee did not file a timely notice of appeal from the trial court's order denying that motion. *See* CR 73.02(2).

In his brief to this Court, Lee re-casts those grounds as a basis to assert that his trial counsel provided ineffective assistance in advising him to plead guilty without asserting these defenses. We first note that in *Gross v.*

*Commonwealth*, 648 S.W.2d 853 (Ky. 1983), the Kentucky Supreme Court set out

the different roles of these motions in the post-conviction process:

> The structure provided in Kentucky for attacking the
> final judgment of a trial court in a criminal case is not
> haphazard and overlapping, but is organized and
> complete. That structure is set out in the rules related to
> direct appeals, in RCr 11.42, and *thereafter* in CR 60.02.
> CR 60.02 is not intended merely as an additional
> opportunity to raise *Boykin*[3] defenses. It is for relief that
> is not available by direct appeal and not available under
> RCr 11.42. The movant must demonstrate why he is
> entitled to this special, extraordinary relief. Before the
> movant is entitled to an evidentiary hearing, he must
> affirmatively allege facts which, if true, justify vacating
> the judgment and further allege special circumstances
> that justify CR 60.02 relief.

*Id*. at 856 (footnote omitted).

While there may be some overlap between issues that can be raised on

a CR 60.02 motion and issues that can be raised on an RCr 11.42 motion, the two

motions are not interchangeable. Lee's reply brief refers to an RCr 11.42 motion

allegedly filed as of February 21, 2020. However, no such motion appears in

either the record or as filed on the clerk's docket page. The trial court's order of

March 9, 2020 indicates that it was aware of that motion, but the court can only

speak through its written orders and records. *Kindred Nursing Centers Ltd.*

*Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010).

---

[3] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

The clear language of RCr 11.42(2) requires a written motion signed and verified by the movant. It is possible that Lee submitted such a motion, but it was misfiled or otherwise failed to be entered into the record. But it is equally likely that either the trial court interpreted Lee's prior CR 60.02 motion as seeking relief under RCr 11.42 or the trial court was responding to some other inquiry not appearing in the record. The complete absence of any record of the motion leaves this Court with no basis to determine why the trial court entered the order denying RCr 11.42 relief.

Under the circumstances, we must conclude that there was no RCr 11.42 motion pending before the trial court. As a result, the trial court erred by ruling on a motion which was not before it. Consequently, we will vacate the trial court's order denying relief under RCr 11.42. In the absence of any pending motion, no further action is necessary.

Accordingly, we vacate the March 9, 2020 order of the Jefferson Circuit Court denying Lee's RCr 11.42 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Thomas D. Lee, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K. M. Martin
Assistant Attorney General
Frankfort, Kentucky