RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1549-MR

THOMAS MOORE                                                                      APPELLANT

v.
APPEAL FROM TODD CIRCUIT COURT
HONORABLE TYLER L. GILL, JUDGE
ACTION NO. 18-CR-00011

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE: Thomas Moore, *pro se*, appeals from the denial of a motion to

vacate pursuant to RCr[1] 10.26 and CR[2] 61.02, entered by the Todd Circuit Court

on June 26, 2019. Following a careful review of the record, the briefs, and the law,

we reverse and remand.

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

**FACTS AND PROCEDURAL BACKGROUND**

On July 18, 2018, Moore pled guilty to careless driving;[3] driving under the influence, fourth offense (DUI 4th), with aggravated circumstances;[4] expired registration;[5] no insurance;[6] driving on a suspended license, second offense;[7] with both felonies enhanced by the amended charge of being a persistent felony offender in the second degree (PFO II). Moore was sentenced the same day, receiving ten years in prison for both the DUI 4th and driving on a suspended license, second offense–the maximum sentence as a result of the PFO enhancement of each Class D offense. The sentence was probated for five years. However, mere days after being placed on probation, Moore violated the conditions of his release by failing to report to his probation officer.[8] As a result, his probation was revoked, and Moore was resentenced to the 10-year sentence on each of the enhanced felonies. Oddly, and additionally, the Court also sentenced Moore to 20

---

[3] Kentucky Revised Statutes (KRS) 189.290, a violation.

[4] KRS 189A.010(5)(d), a Class D felony.

[5] KRS 186.170, a violation.

[6] KRS 304.39-080, a violation.

[7] KRS 189A.090(2)(b), a Class D felony.

[8] Although signed on July 18, 2018, Moore's order of probation and motion to revoke probation were literally entered the same day on July 27, 2018.

years separately for the PFO II charge, running all three charges concurrently.[9]

Moore eventually, *pro se*, moved the trial court for a new trial and to vacate his

sentence pursuant to RCr 10.26 and CR 61.02. His motion was denied, and this

belated appeal followed.

## ANALYSIS

In *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009), the

Court discussed the palpable error rule of RCr 10.26, stating:

> an unpreserved error may be noticed on appeal only if the
> error is "palpable" and "affects the substantial rights of a
> party," and even then relief is appropriate only "upon a
> determination that manifest injustice has resulted from
> the error." An error is "palpable," we have explained,
> only if it is clear or plain under current law, *Brewer v.
> Commonwealth*, 206 S.W.3d 343 (Ky. 2006), and in
> general a palpable error "affects the substantial rights of a
> party" only if "it is more likely than ordinary error to
> have affected the judgment." *Ernst v. Commonwealth*,
> 160 S.W.3d 744, 762 (Ky. 2005). *But see United States
> v. Olano*, [507 U.S. 725, 735, 113 S. Ct. 1770, 123 L. Ed.
> 2d 508 (1993)] (discussing the federal "plain error"
> standard and noting, without deciding, that there may be
> forfeited errors so fundamental that they "can be
> corrected regardless of their effect on the outcome."). An
> unpreserved error that is both palpable and prejudicial
> still does not justify relief unless the reviewing court
> further determines that it has resulted in a manifest

---

[9] KRS 532.080. Moore was originally charged with PFO in the first degree (PFO I) as well as two other misdemeanors that were dismissed. We note that all of Moore's prior felony charges applicable for PFO I were Class D offenses. Therefore, pursuant to subsection (6), Moore could have received no worse sentence had he pled guilty to, or been found guilty of, PFO I. Moreover, under these facts, Moore was also eligible for probation under either charge. Consequently, Moore's plea was certainly no "bargain."

-3-

> injustice, unless, in other words, the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be "shocking or jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006).

Although *Jones* involved an interpretation of palpable error under the criminal rules, the language in CR 61.02 is identical. Thus, cases involving RCr 10.26 are relevant in analyzing CR 61.02.

Under the clear holding of *Jones*, palpable error relief is not available unless three conditions are present: the error must have (1) been clear or plain under existing law, (2) been more likely than ordinary error to have affected the judgment, and (3) so seriously affected the fairness, integrity, or public reputation of the proceeding to have been jurisprudentially intolerable. 283 S.W.3d at 668. In this case, the trial court's judgment and ruling on Moore's motion constituted palpable error because it imposed a 20-year prison sentence solely for the PFO II charge. KRS 532.080 describes how PFO charges serve to enhance other charges but does not authorize separate punishment for such a status offense.

> Conviction as a Persistent Felony Offender is not a charge of an independent criminal offense but rather a particular criminal status. Consequently double jeopardy does not attach. Persistent Felony Offender proceedings involve the status of the offender and the length of the punishment, not a separate or independent criminal offense.

*White v. Commonwealth*, 770 S.W.2d 222, 224 (Ky. 1989). *See also*

*Commonwealth v. Derringer*, 386 S.W.3d 123, 126 (Ky. 2012). Thus, this error is

clear and plain under existing law. Clearly, the error affected the judgment

because without the invalid separate sentence for the PFO II charge, Moore would

have been sentenced to serve ten years in prison as the order stated his sentences

were to run concurrently. Such error seriously affected the fairness of the

proceeding and is "jurisprudentially intolerable" within the meaning of RCr 10.26

and CR 61.02. Accordingly, we must reverse.

We further take issue with the trial court's order revoking Moore's

probation. We review probation revocation orders for abuse of discretion.

*Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing

*Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). We will reverse only if we

find "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported

by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.

1999). We "will not hold a trial court to have abused its discretion unless its

decision cannot be located within the range of permissible decisions allowed by a

correct application of the facts to the law." *Blankenship v. Commonwealth*, 494

S.W.3d 506, 508 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915

(Ky. 2004)).

KRS 439.3106 provides the criteria for revoking probation, stating:

(1) Supervised individuals shall be subject to:

    (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

    (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106(1)(a)-(b). The *Andrews* Court considered the applicability of the statute to revocation proceedings, and held:

> We conclude that KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked.

*Andrews*, 448 S.W.3d at 780.

In revoking Moore's probation, the trial court made no specific written findings as to the essential elements of KRS 439.3106 in its order, and it is not clear from the record whether the trial court followed *Andrews* and the

-6-

statutory criteria under KRS 439.3106 in revoking Moore's probation.[10]  Thus, we must reverse the orders pertaining to the revocation of Moore's probation and remand this matter with instructions for the trial court to hold a revocation hearing and make appropriate findings–preferably in writing.[11]  These findings must not merely perfunctorily cite the statutory language in KRS 439.3106.  Rather, they must include proof from the record established by a preponderance of the evidence as to how Moore violated the terms of his release and the statutory criteria for revocation.  *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015).

As a final thought, we note additional post-conviction relief may also be available to Moore under RCr 11.42.  Contrary to the Commonwealth's assertions in its brief, this appeal serves as a direct appeal and does not necessarily preclude a later, appropriate collateral attack.

---

[10] It appears the court erroneously utilized a standard probation revocation form based on violations of KRS 533.050 which was drafted prior to the adoption of KRS 439.3106.

[11] Written findings are not required if oral findings are made and are sufficient.  *Commonwealth v. Alleman*, 306 S.W.3d 484, 487 (Ky. 2010).  However, it is well-established that courts speak through their written orders.

> A trial court "speaks only through written orders entered upon the official record." [*Kindred Nursing Ctrs. Ltd. P'ship v. Sloan*,] 329 S.W.3d 347, 349 (Ky. App. 2010).  "[A]ny findings of fact and conclusions of law made orally by the circuit court at an evidentiary hearing cannot be considered by this Court on appeal unless specifically incorporated into a written and properly entered order." *Id.*

*Castle v. Castle*, 567 S.W.3d 908, 916 (Ky. App. 2019).

## CONCLUSION

Therefore, and for the forgoing reasons, the orders entered by the Todd Circuit Court are REVERSED, and this matter is REMANDED with instructions to hold a revocation hearing and make appropriate findings as required by KRS 439.3106.

ALL CONCUR.

BRIEF FOR APPELLANT:

Thomas Moore, *pro se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky