RENDERED:  AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1375-MR

DUSTIN FYFFE                                                              APPELLANT

v.
APPEAL FROM LAWRENCE CIRCUIT COURT
HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 19-CR-00104

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Dustin Fyffe appeals from the order setting aside his pretrial

diversion entered by the Lawrence Circuit Court on July 27, 2020.  Following a

careful review of the record, the briefs, and the law, we reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

Fyffe pled guilty to possession of a controlled substance in the first degree,[1] possession of a controlled substance in the third degree,[2] and possession/use of drug paraphernalia.[3] Fyffe's sentence[4] was diverted for three years. However, shortly after being placed on diversion, Fyffe violated the conditions of his release. Subsequently, his diversion was set aside, and the prison sentence imposed. This appeal followed.

## ANALYSIS

Pretrial diversion voidance follows the same statute as probation revocation. *Richardson v. Commonwealth*, 494 S.W.3d 495, 498 (Ky. App. 2015). It is well-established, we review probation revocation orders for abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). We will reverse only if we find "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.

---

[1] Kentucky Revised Statues (KRS) 218A.1415, a Class D felony.

[2] KRS 218A.1417, a Class A misdemeanor.

[3] KRS 218A.500(2), a Class A misdemeanor.

[4] Fyffe was sentenced to three-years' imprisonment for first-degree possession of a controlled substance and 12 months each for third-degree possession of a controlled substance and possession/use of drug paraphernalia.

1999). We "will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004)).

KRS 439.3106 provides the criteria for both revoking probation and voiding pretrial diversion, stating:

> (1) Supervised individuals shall be subject to:
>
> > (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, **and** cannot be appropriately managed in the community; or
> >
> > (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106(1)(a)-(b) (emphasis added). The *Andrews* court considered the applicability of this statute to revocation proceedings, and held:

> We conclude that KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, **and** whether the

probationer cannot be managed in the community before probation may be revoked.

*Andrews*, 448 S.W.3d at 780 (emphasis added).

In setting aside Fyffe's diversion, the trial court made incomplete written findings as to the essential elements of KRS 439.3106. In its order, the trial court only addressed whether Fyffe could be properly supervised in the community and not whether Fyffe's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large.[5] Thus, we must reverse. Accordingly, we remand with instructions for the trial court to hold a revocation hearing and make appropriate findings–preferably in writing.[6] These findings must not merely perfunctorily cite the statutory language in KRS

---

[5] This point is conceded by the Commonwealth. Even so, the Commonwealth asserts a remand is unnecessary because Fyffe failed to make a request to the trial court for more specific findings. However, because KRS 439.3106 requires the trial court to make such findings, it is unnecessary for Fyffe to request the trial court to "do its duty[.]" *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011).

[6] Written findings are not required if oral findings are made and are sufficient. *Commonwealth v. Alleman*, 306 S.W.3d 484, 487 (Ky. 2010). However, it is well-established that courts speak through their written orders.

> A trial court "speaks only through written orders entered upon the official record." [*Kindred Nursing Ctrs. Ltd. P'ship v. Sloan*,] 329 S.W.3d 347, 349 (Ky. App. 2010). "[A]ny findings of fact and conclusions of law made orally by the circuit court at an evidentiary hearing cannot be considered by this Court on appeal unless specifically incorporated into a written and properly entered order." *Id.*

*Castle v. Castle*, 567 S.W.3d 908, 916 (Ky. App. 2019).

439.3106.  Rather, they must include proof from the record established by a preponderance of the evidence as to how Fyffe violated the terms of his release and the statutory criteria for revocation.  *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015).

## CONCLUSION

Therefore, and for the forgoing reasons, the order entered by the Lawrence Circuit Court is REVERSED, and this matter is REMANDED with instructions to hold a revocation hearing and make appropriate findings as required by KRS 439.3106.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky