RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0694-MR

CHEROKEE PARK
REHABILITATION, LLC, AND MICK
VUJANOVIC, IN HIS CAPACITY AS
ADMINISTRATOR OF CHEROKEE
PARK REHABILITATION                                        APPELLANTS

|  | APPEAL FROM JEFFERSON CIRCUIT COURT |
|---|---|
| v. | HONORABLE A. C. MCKAY CHAUVIN, JUDGE |
|  | ACTION NO. 19-CI-003752 |

COLLINS CALLENS, EXECUTOR
FOR THE ESTATE OF ROBERT
CALLENS AND DEBRA TROWELL,
AS EXECUTOR FOR THE ESTATE
OF ROBERT CALLENS                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Cherokee Park Rehabilitation, LLC, and Mick Vujanovic, in

his capacity as administrator of Cherokee Park Rehabilitation, LLC, bring this

appeal from a May 19, 2021, Opinion and Order of the Jefferson Circuit Court denying a motion to compel arbitration of an action initiated by Collins Callens and Debra Trowell, Co-Executors of the Estate of Robert Callens (Estate). We affirm.

On December 31, 2010, Robert Callens executed a General Power of Attorney that appointed his son, Collins Callens, as his agent and also appointed his daughter, Debra Trowell, as his successor agent. In June of 2017, Robert was admitted to a long-term care facility in Jefferson County owned by LP Louisville Cherokee Park, LLC, which was commonly known as Signature Healthcare (hereinafter referred to as Signature Healthcare). During the admission process, Debra signed several documents. Some of the documents were apparently signed electronically, and some were signed in writing. Relevant herein is a document Debra purportedly signed electronically and is titled "Agreement to Informally Resolve and Arbitrate All Disputes" (Arbitration Agreement). At the top of the Arbitration Agreement, it stated, "Please know we require all new residents and/or their legal representatives to read, agree, and sign this Agreement for admission. Please know you can choose care at another facility if you do not wish to sign."

Several months after Robert's admission to Signature Healthcare, there was a transfer of ownership of the facility. More specifically, ownership of Signature Healthcare was transferred to Cherokee Park Rehabilitation, LLC

(Cherokee Park Rehabilitation) by an Operations Transfer Agreement. The Operations Transfer Agreement was executed on January 5, 2018, and set forth the provisions of such transfer of ownership.

On July 14, 2018, while a resident of Cherokee Park Rehabilitation, Robert suffered significant injuries. The record reveals that Robert was in a wheelchair and was being pushed by an aide. However, Robert's foot was dragging on the floor, which caused him to fall forward out of the wheelchair. Three days later, Robert was taken to the hospital where it was discovered he had two vertebrae fractures and a closed head injury. Robert was released from the hospital to another long-term care facility on August 12, 2018. Robert ultimately passed away on November 24, 2018.

On June 18, 2019, the Estate filed the underlying civil action in Jefferson Circuit Court (Action No. 19-CI-003752) against, *inter alios*, Cherokee Park Rehabilitation. In the complaint, the Estate asserted claims of negligence, medical negligence, and corporate negligence related to Robert's injuries from the July 14, 2018, incident. Thereafter, Cherokee Park Rehabilitation filed a Motion to Compel Limited Alternate Dispute Resolution (ADR) Discovery. Once the limited discovery had been completed, Cherokee Park Rehabilitation filed a motion to compel arbitration and sought to enforce the Arbitration Agreement originally entered into with Signature Healthcare. By Opinion and Order entered May 19,

2021, the circuit court denied the motion to compel arbitration. The circuit court concluded that the Arbitration Agreement was "unenforceable." May 19, 2021, Opinion and Order at 4. This appeal follows.[1]

Cherokee Park Rehabilitation argues on appeal that the circuit court erred by determining that the Arbitration Agreement was invalid and unenforceable. For the following reasons, we disagree.

It is well-settled that a party seeking to compel arbitration has the initial burden to demonstrate that a valid arbitration agreement exists between the parties. *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 590 (Ky. 2012); *Golden Gate Nat'l Senior Care, LLC v. Rucker*, 588 S.W.3d 868, 870 (Ky. App. 2019); *Cambridge Place Group, LLC v. Mundy*, 617 S.W.3d 838, 840 (Ky. App. 2021). And, to determine whether a valid and enforceable arbitration agreement exists, we rely upon state contract law. *Ping*, 376 S.W.3d at 590. Our review of a circuit court's interpretation and construction of a contract is a matter of law and is reviewed *de novo*. *Lynch v. Claims Mgmt. Corp.*, 306 S.W.3d 93, 96 (Ky. App. 2010). However, in the event the circuit court engages in fact finding to reach its decision, we review those findings of fact under the clearly erroneous standard. Kentucky Rules of Civil Procedure 52.01; *Kindred Nursing Centers Ltd. P'ship v.*

---

[1] We observe that an interlocutory order denying arbitration is subject to appeal pursuant to Kentucky Revised Statutes 417.220(1)(a).

-4-

*Sloan*, 329 S.W.3d 347, 348 (Ky. 2010). Finally, we may affirm the circuit court for any reason set forth in the record. *See Phillips v. Rosquist*, 628 S.W.3d 41, 47 (Ky. 2021).

Under the terms of the Arbitration Agreement, Signature Healthcare and/or its "affiliates, parents, officers, agents, owners, and assigns" were specifically identified as parties thereto and entitled to enforce same. Arbitration Agreement at 1. Cherokee Park Rehabilitation was not an original party to the Arbitration Agreement but claimed that the Arbitration Agreement was assigned to it by the Operations Transfer Agreement. Appellant's Brief at 6.

The Operations Transfer Agreement was entered into by Signature Healthcare and Cherokee Park Rehabilitation. Section 3.05 is entitled Contracts, and it provides that Cherokee Park Rehabilitation would assume certain contracts (Assumed Contracts) entered into originally by Signature Healthcare. These Assumed Contracts were exhaustively listed in Schedule 3.05, which was attached to the Operations Transfer Agreement. As to Assumed Contracts, it was specifically provided that these contracts would be "assigned to, and assumed by Cherokee Park [Rehabilitation]." We have carefully reviewed Schedule 3.05, and it is clear that the Arbitration Agreement was not listed thereupon. In fact, there was no mention of any arbitration agreements being transferred by the Operations Transfer Agreement.

-5-

The Kentucky Supreme Court has recognized that a valid assignment takes place "when the assignor intends to assign a present right, identifies the subject matter assigned, and divests itself of control over the subject matter assigned." *Davis v. Scott*, 320 S.W.3d 87, 90 (Ky. 2010). To have validly assigned the Arbitration Agreement, it was incumbent that the assignment (Operations Transfer Agreement) identify the subject matter assigned (Arbitration Agreement). As previously set forth, the Arbitration Agreement was not listed as an Assumed Contract and was not referenced anywhere in the Operations Transfer Agreement. Furthermore, there was no reference in the Operations Transfer Agreement to any arbitration agreement. And neither Signature Healthcare nor Cherokee Park Rehabilitation gave notice to the Callens of the assignment.

Cherokee Park Rehabilitation claims it was assigned the Arbitration Agreement under the Operations Transfer Agreement; however, a reading of the Operations Transfer Agreement does not support this claim. As hereinbefore stated, Cherokee Park Rehabilitation bears the burden of demonstrating that a valid Arbitration Agreement existed between the parties; Cherokee Park Rehabilitation has failed to demonstrate same. For this reason, we conclude that the circuit court did not commit reversible error by denying Cherokee Park Rehabilitation's motion to compel arbitration.[2] *See Phillips*, 628 S.W.3d at 47.

---

[2] We view any remaining contentions of error raised in this appeal to be moot or without merit.

For the foregoing reasons, the Opinion and Order of the Jefferson

Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEES: |
| --- | --- |
| Donald L. Miller II | Tad Thomas |
| Brandon C.R. Sword | Lindsy Lopez |
| Alexandria C. Whittington | Louisville, Kentucky |
| Justin A. Baxter | |
| Louisville, Kentucky | |
| | |
| ORAL ARGUMENT FOR APPELLANTS: | ORAL ARGUMENT FOR APPELLEES: |
| | |
| Donald L. Miller II | Lindsy Lopez |
| Louisville, Kentucky | Louisville, Kentucky |