RENDERED: JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1336-ME

EVERETT JOSEPH MCDONALD, JR.                 APPELLANT

v.            APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE DAVID C. PAYNE, JUDGE
ACTION NO. 22-D-00205-001

REBECCA MCDONALD                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE: Everett Joseph McDonald, Jr., appeals from a domestic violence order ("DVO") issued by the Daviess Family Court in favor of his wife, Rebecca McDonald. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rebecca vacated the parties' marital home on or about June 29, 2022. On July 5, 2022, Rebecca returned to the home to collect some belongings. Receiving no answer after knocking, Rebecca entered the home. Shortly

thereafter, a confrontation occurred in the parties' bedroom, apparently arising from Everett's anger that Rebecca had taken his guns when she moved out of the parties' home.[1]

According to Rebecca, Everett threw a bottle of water at her; grabbed her arm, which caused a bruise; and pushed her up against the wall.[2] Rebecca left the home and called 911; the dispatcher instructed Rebecca to wait at the end of the parties' long driveway. While Rebecca was waiting, Everett pulled up in his truck behind her. Everett testified that he was simply leaving the home to go shopping and that he had no intent to confront or otherwise engage with Rebecca. On seeing Everett approach, Rebecca became fearful and "took off" because she was afraid that Everett was after her. A few minutes later, law enforcement arrived at the home. Everett was arrested and charged with assault in the fourth degree.

The next day, Rebecca filed a petition for an emergency protective order ("EPO"), which was granted. The parties appeared before the family court on July 14, 2022, and for reasons that are unclear from the record before us, agreed

---

[1] Rebecca later testified that, prior to moving out of the home, she became fearful of Everett's behavior, which included repeatedly screaming what the family court characterized as "veiled threats." Rebecca testified that, in response, she took the clips out of Everett's guns and slept with pepper spray under her pillow. Rebecca did not deny removing Everett's guns from the home.

[2] Everett denied pushing Rebecca against the wall, but admitted to grabbing her wrist like he "had done a hundred times."

to continue the DVO hearing until November 2022, while keeping the EPO in place.

Shortly after entry of the EPO, Rebecca presented it to the parties' joint employer, a local distillery, and Everett was terminated as a result. Everett subsequently filed a motion to amend the EPO to permit him to continue his regular work activities at the distillery. The parties appeared before the family court on August 18, 2022. Although Rebecca was reluctant, the parties agreed to amend the EPO to include the following language: "Both parties may conduct their regular work duties at Sazerac Glenmore Distillery to maintain their current employment."

However, even with the amended language, the distillery refused to restore Everett to his former employment. Everett then filed a motion to dismiss the EPO. After Rebecca objected, the family court scheduled an evidentiary hearing for October 13, 2022.[3] Rebecca and Everett each testified at the hearing.

Following the presentation of the testimony, the family court issued a DVO and made findings that "[Everett] grabbed [Rebecca's] arm in [a] threatening [manner] and caused bruising. [Everett] previously made veiled threats of harm to

---

[3] A union steward from Sazerac Glenmore Distillery also testified at the hearing. According to the union steward, the EPO was the reason Everett was terminated from his employment and the only chance he had to be reinstated was dismissal of the EPO. The union steward also explained the process in place for Everett to appeal his termination. At the time of the DVO hearing, Everett had exhausted all avenues of relief available to him except arbitration, which had not yet been scheduled as of October 13, 2022.

[Rebecca]. [Everett] attempted to chase [Rebecca] in [a motor vehicle]." The

DVO also stated Everett was to remain 500 feet away from Rebecca *except* "[t]he

parties are authorized to remain in the following common area(s) closer than 500

feet under the limited circumstances and specific parameters indicated: Sazerac

Glenmore Distillery[,] parties may work there." This appeal followed.

## II. STANDARD OF REVIEW

A circuit court may enter a DVO if it "finds by a preponderance of the

evidence that domestic violence and abuse has occurred and may again occur[.]"

KRS[4] 403.740(1). At the time of entry of the DVO, "domestic violence and abuse"

was defined as:

> Physical injury, serious physical injury, stalking, sexual
> abuse, strangulation, assault, or the infliction of fear of
> imminent physical injury, serious physical injury, sexual
> abuse, strangulation, or assault between family members
> or members of an unmarried couple[.]

KRS 403.720(2)(a).[5] "The preponderance of the evidence standard is met when

sufficient evidence establishes that the alleged victim 'was more likely than not to

---

[4] Kentucky Revised Statutes.

[5] Although not yet in effect at the time of the drafting of this Opinion, we note that the Kentucky General Assembly enacted legislation in the 2023 session to amend the definition of domestic violence and abuse in KRS 403.720 to be

> [p]hysical injury, serious physical injury, stalking, sexual assault,
> strangulation, assault, or the infliction of fear of imminent physical
> injury, serious physical injury, sexual assault, strangulation, or

have been a victim of domestic violence.'" *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007) (quoting *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996)).

Our review of a circuit court's decision to grant or deny a DVO "is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008). An abuse of discretion occurs only where the court's decision is "unreasonable, unfair, arbitrary or capricious." *Caudill v. Caudill*, 318 S.W.3d 112, 115 (Ky. App. 2010).

### III. ANALYSIS

On appeal, Everett argues Rebecca failed to prove by a preponderance of evidence that domestic violence "may again occur" after the July 5, 2022, incident pursuant to KRS 403.740 which provides, in relevant part,

> (1) Following a hearing ordered under KRS 403.730, if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur, the court may issue a domestic violence order:
>
> (a) Restraining the adverse party from:
>
>   1. Committing further acts of domestic violence and abuse;

---

assault between family members or members of an unmarried couple[.]

2. Any unauthorized contact or communication with the petitioner or other person specified by the court;

3. Approaching the petitioner or other person specified by the court within a distance specified in the order, not to exceed five hundred (500) feet;

4. Going to or within a specified distance of a specifically described residence, school, or place of employment or area where such a place is located; and

5. Disposing of or damaging any of the property of the parties[.]

First, Everett argues the family court orally stated it believed domestic violence *could* reoccur, but instead found that it *may* again occur in the DVO. We are unpersuaded by Everett's attempt to split hairs and differentiate between "could" and "may." Even if we indulge his argument in terms of the vernacular, he provides no authority for any legal differentiation. Moreover, it is well-established law in Kentucky that

> [a] trial court "speaks only through written orders entered upon the official record." *Kindred Nursing Centers Ltd. Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010). "[A]ny findings of fact and conclusions of law made orally by the circuit court at an evidentiary hearing cannot be considered by this Court on appeal unless specifically incorporated into a written and properly entered order." *Id.*

*Castle v. Castle*, 567 S.W.3d 908, 916 (Ky. App. 2019).

-6-

Consistent with the statutory requirements, the family court found that Everett's act of domestic violence toward Rebecca may again occur, despite using the word "could" in explaining to the parties why it was entering the DVO. Accordingly, there was no error.

Everett's next argument is equally unpersuasive. He contends that, because there were no further acts of domestic violence committed between issuance of the EPO and the DVO hearing, Rebecca failed to prove that domestic violence may again occur. However, the law cited by Everett pertains to reissuance or extension of a DVO, not initial entry of a DVO. It is true that KRS 403.740(4) states, in relevant part, that "[t]he fact that an order has not been violated since its issuance may be considered by a court in hearing a request for a reissuance of the order." In the instant action, the issue before the family court was whether domestic violence occurred on July 5, 2022, and whether it may again occur. The issue was *not* whether any additional acts of domestic violence had occurred between entry of the EPO and the DVO hearing.[6]

Although Everett and Rebecca gave differing versions of the events of July 5, 2022, the family court clearly found Rebecca's testimony more credible.

> Regardless of conflicting evidence, the weight of the
> evidence, or the fact that the reviewing court would have

---

[6] Even when considering whether to reissue/extend a DVO "the absence of additional actions of domestic violence **is merely one factor** which the court may consider in deciding whether to extend a DVO." *Cottrell v. Cottrell*, 571 S.W.3d 590, 592 (Ky. App. 2019) (emphasis added).

> reached a contrary finding, due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court.

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (internal quotation marks and footnotes omitted).

The record before us shows that there was at least a preponderance of evidence to support entry of the DVO. The family court attempted to accommodate Everett's employment termination by ordering the distillery was an exception to the requirement that he must stay 500 feet away from Rebecca at all times. Although Everett characterizes his loss of employment as unnecessarily punitive in response to "the alleged holding of [Rebecca's] wrist," the actions of Everett's employer in response to the DVO are not controlled by the family court or this Court.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the Daviess Family Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| David L. Yewell | Candy Yarbray Englebert |
| Owensboro, Kentucky | Owensboro, Kentucky |