RENDERED: OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0161-MR

COMMONWEALTH OF KENTUCKY
JUSTICE AND PUBLIC SAFETY
CABINET DEPARTMENT OF
KENTUCKY STATE POLICE AND
COMMONWEALTH OF KENTUCKY                                          APPELLANTS


|   |   |
|---|---|
| v. | APPEAL FROM FAYETTE CIRCUIT COURT<br>HONORABLE JULIE M. GOODMAN, JUDGE<br>ACTION NO. 10-CR-01321-001 |


ANTJUAN SHAMONT GROVES                                              APPELLEE


OPINION AND ORDER
DISMISSING APPEAL

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE: Commonwealth of Kentucky, Department of the Kentucky State Police ("KSP") appeals from a verbal ruling of the Fayette Circuit Court denying its third-party motion to vacate an order of felony expungement entered on behalf of Antjuan Groves. For the reasons stated herein, we dismiss the appeal.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Groves sought to expunge two felony convictions. On March 10, 2020, Groves filed an application to expunge the felony offenses associated with Fayette County Case No. 10-CR-01321. The circuit court signed the order granting the expungement on April 24, 2020. However, for reasons that are unclear from the record before us, the order was not entered by the clerk until November 1, 2021.[1] Also on November 1, 2021, the clerk filed a Notice of Expungement that indicated the circuit court had ordered the expungement on April 24, 2021 (exactly one year after it was signed by the judge). We are unable to ascertain from the record before us how the clerk arrived at this date.

On or about March 21, 2021, Groves filed an application to expunge the felony offenses associated with Jefferson County Case No. 98-CR-01980. The Jefferson Circuit Court signed the expungement order on September 13, 2021, and it was entered by the clerk on September 14, 2021.

On November 1, 2022, KSP filed a third-party motion to vacate the Fayette County order of expungement. KSP argued that, at the time Groves

---

[1] The same order is stamped by the clerk as "filed" on May 18, 2020. However, "it has long been established that, regardless of when a judgment or order is rendered, it is the notation of the judgment or order in the docket by the clerk which constitutes 'entry' of the document, and the document is not effective until after it has been entered by being noted in the docket." *Staton v. Poly Weave Bag Co., Incorporated/Poly Weave Packaging, Inc.*, 930 S.W.2d 397, 398 (Ky. 1996). In other words, a judgment is not effective until it is noted by the clerk as *entered*, not "filed."

applied for his expungements, KRS[2] 431.073(5)(a) allowed for just one felony expungement after June 27, 2019.[3]  Therefore, because the order expunging Jefferson County Case No. 98-CR-01980 was entered prior to the order expunging Fayette County Case No. 10-CR-01321, KSP could not legally process the expungement order from Fayette County.  The circuit court held a hearing on January 5, 2023, and verbally denied KSP's motion.  The circuit court pointed out that when the order of expungement was signed on April 24, 2020, there were no other expungements in existence for Groves.  The court then reasoned KSP should have filed its motion in Jefferson County.  Neither KSP nor the circuit court mentioned the various discrepancies in the dates associated with the Fayette County expungement order.

---

[2] Kentucky Revised Statute.

[3] At the time Groves filed his application for expungement, KRS 431.073 read, in relevant part,

> (5) The court may order the judgment vacated, and if the judgment is vacated the court shall dismiss with prejudice any charges which are eligible for expungement under subsection (1) of this section or KRS 431.076 or 431.078, and, upon full payment of the fee in subsection (11) of this section, order expunged all records in the custody of the court and any records in the custody of any other agency or official, including law enforcement records, if the court finds that:
>
>> (a) The person had not, after [the effective date of this Act], had a felony conviction vacated and the record expunged pursuant to this section[.]

Effective June 29, 2023, the General Assembly removed the language in the statute stating that an applicant must not have had a prior felony expungement.

On February 3, 2023, KSP filed a notice of appeal. In the margin of the notice is a handwritten notation that states, in relevant part, "no written order available as of 2/3/2023 – checked [with] clerk." On February 7, 2023, the circuit court entered a perfunctory order denying KSP's motion. The order states that it is "[d]ated this 5th day of January, 2023" and "*nunc pro tunc*" is handwritten underneath, with the initials of the circuit court judge.

## II. ANALYSIS

A circuit court "speaks only through written orders entered upon the official record." *Kindred Nursing Centers Ltd. Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010). "[A]ny findings of fact and conclusions of law made orally by the circuit court at an evidentiary hearing cannot be considered by this Court on appeal unless specifically incorporated into a written and properly entered order." *Id.* Further, "[a]s a general rule, except with respect to issues of custody and child support in a domestic relations case, the filing of a notice of appeal divests the trial court of jurisdiction to rule on any issues while the appeal is pending." *Johnson v. Commonwealth*, 17 S.W.3d 109, 113 (Ky. 2000) (citation omitted). *See also City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990), *superseded on other grounds by rule as stated in Mahl v. Mahl*, 671 S.W.3d 140 (Ky. 2023) ("A notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court.").

*Wright v. Ecolab, Inc.*, 461 S.W.3d 753 (Ky. 2015), is dispositive. In *Wright*, an appeal was filed challenging a summary judgment order that did not have the required finality language pursuant to CR[4] 54.02(1). The circuit court attempted to correct the error after the notice of appeal was filed and entered a *nunc pro tunc* order with the required language. The Kentucky Supreme Court ultimately ruled the circuit court lost jurisdiction after the notice of appeal was filed and, therefore, the *nunc pro tunc* order had no effect in terms of correcting the previous order for the purpose of the appeal. *Wright*, 461 S.W.3d at 758. Similarly, in the case at bar, the circuit court's attempt to enter a *nunc pro tunc* order could not correct the lack of a written order when the notice of appeal was filed.

KSP erred when it filed its notice of appeal from the verbal order entered by the circuit court on January 5, 2023. Rather, KSP should have filed its notice of appeal on, or within 30 days of, February 7, 2023,[5] when the written order reciting the outcome of the January 5, 2023, hearing was entered. Alternatively, KSP could have amended its original notice of appeal to include the written order. Because KSP did none of these, there is no order for this Court to

---

[4] Kentucky Rule of Civil Procedure.

[5] *See* Kentucky Rule of Appellate Procedure ("RAP") 3.

review and the appeal must be dismissed for lack of jurisdiction. *See Oakley v.*

*Oakley*, 391 S.W.3d 377, 378 (Ky. App. 2012).

### III. CONCLUSION

Therefore, be it ORDERED that Appeal No. 2023-CA-0161 is

DISMISSED.

ALL CONCUR.

ENTERED:___10/20/2023___

_____
JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Samantha A. Bevins
Frankfort, Kentucky