RENDERED:  NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0209-MR

BRITTANY PAXSON                                                                    APPELLANT

v.
APPEAL FROM BARREN CIRCUIT COURT
HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 21-CR-00016

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Brittany Paxson ("Appellant") appeals from a final judgment and sentence of the Barren Circuit Court on her plea of guilty to one count each of rape in the third degree and sexual misconduct.[1]  She argues that the circuit court erred in stating that it did not place her on home incarceration, which

---

[1] Kentucky Revised Statutes ("KRS") 510.060 and KRS 510.140.

resulted in the final judgment improperly failing to grant any home incarceration credit. After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2020 and 2021, Appellant was twice indicted by the Barren County grand jury on various crimes relating to unlawful sexual contact with a minor under the age of 16. On April 12, 2021, Appellant was granted a separate bond for each case, set at $25,000.00, and secured by 10% cash and a surety. The court imposed several conditions for the bonds, including a curfew between 7:00 p.m. and 7:00 a.m.; leaving her residence between 7:00 a.m. and 7:00 p.m. only for employment, meeting with counsel, and court appearances; and wearing an ankle monitor to enforce the curfew. In granting the bonds, the circuit court stated that, "pretrial release in this matter does not constitute home incarceration. The ankle monitor shall be solely for the purpose of monitoring the curfew imposed as a nonfinancial bond condition."

On September 8, 2022, Appellant entered a guilty plea in No. 20-CR-00338 to one count of sexual misconduct in exchange for a recommended 12-month sentence. In No. 21-CR-00016, Appellant entered a guilty plea to one count of rape in the third degree, with a recommended sentence of three years in prison to run concurrently with the prior 12-month sentence.

Prior to sentencing, an issue arose as to whether Appellant was entitled to credit for time served under home incarceration.[2] The court explained to Appellant that because she was not on home incarceration, she was not entitled to home incarceration credit. The court went on to state that even though Appellant was not given home incarceration, it would be inclined, "just as a matter of fairness," to treat it as such if someone from the home incarceration office testified that Appellant has been placed on home incarceration.

At sentencing, defense counsel called Brandi Riddle who testified that Appellant wore an ankle monitor and was being monitored by their office in their home incarceration program. Ms. Riddle stated that Appellant was compliant with the conditions of home incarceration and had no violations.

Thereafter, a final judgment was rendered which did not grant any home incarceration credit to Appellant. The court noted in its judgment that, though Appellant had moved for such credit, the court had expressly stated that Appellant was not on home incarceration. The court went on to state that the ankle monitor was ordered to enforce the curfew, which was a condition of the bond. The court noted that if Appellant had been placed on home incarceration, she would be entitled to home incarceration credit; however, since she was never placed on home incarceration, no such credit was owed. This appeal followed.

---

[2] *See* KRS 431.517.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Barren Circuit Court erred in stating that it did not intend to place Appellant on home incarceration. She directs our attention to KRS 532.120(3), which states that,

> [t]ime spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the Department of Corrections toward service of the maximum term of imprisonment in cases involving a felony sentence and by the sentencing court in all other cases.

Appellant also points to KRS 532.120(7), which states that, "[a]s used in subsections (3) and (4) of this section, time spent in custody shall include time spent in pretrial home incarceration pursuant to KRS 431.517, subject to the conditions imposed by KRS 532.245."

The focus of Appellant's argument is that even though the Barren Circuit Court stated when ordering bond, and later at sentencing, that it had not ordered home incarceration, Appellant was nevertheless placed on home incarceration as evinced by the testimony of Ms. Riddle. Appellant maintains that since she was placed on home incarceration, even if that was not the circuit court's intent, she is statutorily entitled to credit for that service by application of KRS 532.120(3).

As noted by the Commonwealth, Kentucky's circuit courts, as all Kentucky courts, speak "only through written orders entered upon the official

record." *Kindred Nursing Centers Ltd. Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010) (citations omitted). As such, we are constrained, as are the parties to this appeal, to consider what the Barren Circuit Court actually ordered rather than what it might have ordered. It is uncontroverted that the Barren Circuit Court expressly stated on the record, and so ordered, that Appellant was placed on a curfew as a condition of her bond. It further ordered that the curfew was enforced via an ankle monitor.

This Court has previously recognized a curfew as a proper condition for pretrial release on bond. *See Clemons v. Commonwealth*, 152 S.W.3d 256 (Ky. App. 2004). The Barren Circuit Court expressly ordered a curfew as a condition of Appellant's bond in the matter before us and stated on the record that it was not ordering home incarceration. Appellant has not cited any basis, nor has our research revealed any, for concluding that the usage of an ankle monitor to enforce a curfew, nor the Department of Corrections' characterization of a curfew as home incarceration, converts a curfew into home incarceration for purposes of applying a home incarceration credit.

*Arguendo*, even if Appellant was on home incarceration, the authority to grant home incarceration credit rests with the Department of Corrections and not the Barren Circuit Court. As noted above, "[t]ime spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the

sentence shall be credited by the Department of Corrections toward service of the maximum term of imprisonment[.]" KRS 532.120(3). "As used in subsections (3) and (4) of this section, time spent in custody shall include time spent in pretrial home incarceration pursuant to KRS 431.517, subject to the conditions imposed by KRS 532.245." KRS 532.120(7).

"The current language of KRS 532.120(3), which became effective June 8, 2011, no longer authorizes trial courts to credit felony sentences for time spent in custody before sentencing. The General Assembly granted that authority instead to the Department of Corrections." *Sanders v. Commonwealth*, 600 S.W.3d 266, 268 (Ky. App. 2020). "An inmate may challenge a failure of the Department of Corrections to award a sentencing credit under this section or the amount of credit awarded by motion made in the sentencing court no later than thirty (30) days *after the inmate has exhausted his or her administrative remedies*." KRS 532.120(9) (emphasis added). The record is silent as to any administrative remedies pursued by Appellant.

## CONCLUSION

Appellant argues that the Barren Circuit Court erred in stating that it did not intend to place Appellant on home incarceration. The record reveals quite clearly, however, that the circuit court did not intend to order home incarceration, but placed Appellant on a curfew enforced by an ankle monitor as a condition of

bond.  Even if Appellant was on home incarceration, which we do not find to be the case, her remedy must be sought administratively before seeking judicial redress.  For these reasons, we find no error and affirm the judgment of the Barren Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky